## Whipple, Appellant, v. Lewis.

*Appeals—New trial—Discretion of court—Promissory note.*

The action of the court below in granting or refusing a new trial is so largely a matter of discretion, that its exercise will not be reviewed, except in a clear case of abuse of that discretion. Where it does not appear that there was a manifest abuse of judicial discretion, an appeal cannot be sustained.

An appeal from an order granting a new trial will not be reversed where it appears that the court below directed a verdict for plaintiff in an action on a promissory note, but subsequently granted a new trial, and there is some evidence that the transaction by which the plaintiff secured the note, was tainted with fraud, and that the plaintiff knew of the fraud.

Argued Nov. 21, 1917.    Appeal, No. 284, Oct. T., 1917, by plaintiff, from order of C. P. Bradford Co., Dec. T., 1915, No. 50, granting a new trial in case of C. P. Whipple v. C. J. Lewis.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a promissory note.    Before MAXWELL, P. J.

At the trial the court directed a verdict for plaintiff. Subsequently it granted a new trial, on the ground that there was some evidence of fraud in the transaction by which the plaintiff secured the note in suit, and that he knew of the fraud.    The evidence is summarized in the opinion of the Superior Court.

*Error assigned* was order of the court granting a new trial.

*Joseph W. Beaman,* for appellant.

*Chas. M. Culver,* with him *David E. Kaufman,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The only complaint presented is that the court granted a new trial. While our authority to entertain the appeal is not doubted the action of the court in granting or refusing a new trial is so largely a matter of discretion in the court below that its exercise will not be reviewed except in a clear case of abuse of that discretion. Where it does not appear that there was a manifest abuse of judicial discretion the appeal can not be sustained: Mifflintown Bank v. Bank of New Kensington, 247 Pa. 40; Reno v. Shallenberger, 8 Pa. Superior Ct. 436. From an examination of the evidence we have reached the conclusion that there was no such palpable error on the part of the court as would support a reversal of the order. The evidence is not very clear in some respects but there is sufficient in the facts stated and the inferences legitimately arising therefrom to justify the submission of the case to the jury. It seems not to be disputed that the consideration for both the first notes and the last given by the defendant failed. There is some evidence tending to show that the plaintiff was largely interested in the business of the piano company both as a stockholder and creditor; that he was cognizant of the business of the company and its financial condition; that he had knowledge of the first notes given by the defendant and that the note in suit was connected therewith and part of the same transaction; that Harris informed him of his plan to get from the defendant the note which he now seeks to collect and that he knew the plan involved the return of the former notes and the delivery to the defendant of a warranted piano. There is also some evidence that there was misrepresentation made to the defendant when the first notes were given as to the quality of the piano which it was proposed to sell to the defendant. If a deceit was practiced by means of which the notes were obtained or if the consideration failed and the plaintiff had knowledge of that fact before the notes were transferred a defense may be made in the

action notwithstanding the plaintiff is the endorsee of the note. Whether he had the knowledge alleged by the plaintiff is a matter for the determination of a jury on all the evidence.

The order is affirmed and the appeal dismissed at the cost of the appellant.