## Whipple, Appellant, v. Lewis.

*Negotiable instruments — Promissory notes — Holder in due course—Defective title—Burden of proof.*

In an action on a promissory note every holder is deemed, prima facie, to be a holder in due course, but if the defendant proves that the paper was put in circulation by fraud or undue means his defense will prevail, unless the plaintiff establishes the fact, that he or the person under whom he claims, has acquired title as a holder for value without notice.

If the giving of a promissory note was induced by fraud, or if there was failure in consideration, all subsequent renewals of the note are open to the same defense.

In an action on a promissory note where it is shown that the title of one who has negotiated the note is defective, the burden is on the holder of the note to prove that he acquired title as the holder in due course; but where there is evidence that the holder was financially interested in the affairs of the payee of the note, cognizant of its business and financial condition, with knowledge of the circumstances under which the note was given, the case was for the jury to determine whether or not he was a holder in due course, and a verdict and judgment for the defendant will be sustained.

Argued November 17, 1919.   Appeal, No. 296, Oct. T., 1919, by plaintiff, from judgment of C. P. Bradford County, Dec. T., 1915, No. 50, on verdict for the defendant in the case of C. P. Whipple v. C. J. Lewis.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit on promissory note. Before MAXWELL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the charge of the court and refusal to grant a new trial.

*Joseph W. Beaman,* and with him *George M. LePine,* for appellant.

*Charles M. Culver,* and with him *David E. Kaufman,* for appellee.

OPINION BY LINN, J., February 28, 1920:

Appellant complains that the effect of the verdict is that he was not a holder in due course,—that he did not take the note in good faith for value without notice of defect in the title of the payee negotiating it,—and he suggests two grounds for reversal: (1) that a new trial was refused; (2) that the charge was wrong.

The payee of the note was the Harris Player Piano Company, Inc., which delivered it to appellant; the note was in renewal of another three months' note made by appellee to the same payee. The record shows substantially the same facts here before, when we said: "It seems not to be disputed that the consideration for both the first notes and the last given by the defendant failed. There is some evidence tending to show that the plaintiff was largely interested in the business of the piano company both as a stockholder and creditor; that he was cognizant of the business of the company and its financial condition; that he had knowledge of the first notes given by the defendant and that the note in suit was connected therewith and part of the same transaction; that Harris informed him of his plan to get from the defendant the note which he now seeks to collect and that he knew the plan involved the return of

the former notes and the delivery to the defendant of a warranted piano. There is also some evidence that there was misrepresentation made to the defendant when the first notes were given as to the quality of the piano which it was proposed to sell to the defendant. If a deceit was practiced by means of which the notes were obtained or if the consideration failed and the plaintiff had knowledge of that fact before the notes were transferred a defense may be made in the action notwithstanding the plaintiff is the endorsee of the note. Whether he had the knowledge alleged by the plaintiff is a matter for the determination of a jury on all the evidence," Whipple v. Lewis, 69 Pa. Superior Ct. 279.

As that statement is appropriate now, as it was then, we cannot agree that a new trial should have been granted upon the ground that the evidence was insufficient to support the verdict. There was no abuse of discretion.

The remaining assignments raise the second complaint. Did the charge, taken as a whole, adequately instruct the jury concerning (1) the circumstances under which the notes were obtained and renewed, i. e., whether the title thereto was defective within section 55 of the Negotiable Instruments Law; (2) the failure of consideration; (3) appellant's knowledge on those subjects before he received the note; and (4) the duty of the jury in the premises?

Appellant contends that the court erred in qualifying a point for charge to the effect that though plaintiff knew what defendant was to receive from the payee for the note, if the understanding between defendant and the payee was that the "note was to be given for the purpose of procuring money from a third person on the faith thereof, the failure of consideration, so far as the failure to furnish a piano and return the notes is concerned, is no defense to this action." The court affirmed with the qualification that if the jury found "that C. P. Whipple, plaintiff in this case under these facts received this note without any notice or knowledge of any

defect in the title of the note that he took, then he would be an innocent holder for value before maturity and without notice and therefore would be entitled to recover; as we have explained to you in our general charge, it depends entirely upon what you find the facts to be."

Another assignment consists of four disconnected extracts from the charge. Considering these with the whole charge, we find no error prejudicial to appellant.

In the charge, the learned trial judge discussed the evidence; stated several times that the presumption of law was that Whipple was a holder for value before maturity and without notice and entitled to a verdict, unless the defendant overcame that presumption in Whipple's favor by showing that Whipple had notice when he took the note of the fraudulent misrepresentation under which the original and renewal notes were obtained, or of the failure of consideration. If anything, this was more favorable to appellant than the law required: In Schultheis v. Sellers, 223 Pa. 513, at 516, the court said: "Almost a century ago, in Holme v. Karsper, 5 Binney 469, it was held in an action on a promissory note that the holder was required to show the consideration he paid for it and how it came into his hands where the defendant proved that it was put into circulation fraudulently. This rule has been recognized and enforced in subsequent decisions. In Lerch Hardware Co. v. First National Bank of Columbia, 109 Pa. 240, it is said in the opinion of the court (p. 244): 'To support an action by the endorsee of negotiable paper, against the maker, in the first instance it is only necessary for the plaintiff to put the paper in evidence. Then, if the defendant proves that the paper was put in circulation by fraud or undue means his defense will prevail, unless the plaintiff establishes that he acted fairly and paid value.' This is now the statutory declaration of the law, section 59 of the Act of May 16, 1901, P. L. 194, providing: 'Every holder is

deemed, prima facie, to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course.' "

Nor was appellant prejudiced by the refusal to affirm the point quoted in the third assignment: "That if, at the time of giving the renewal note in suit, the defendant knew of the facts which he now claims rendered the original note and renewal notes invalid, the giving of the renewal note constitutes a ratification of the transaction, and such facts can not now be successfully urged as a defense to this action." The uncontradicted evidence was that the renewal was at the instance of the payee, not for the benefit of defendant, and at a time when the defendant believed that the note was owned by the trust company and not by Whipple. As was said in Adams v. Ashman, 203 Pa. 536, at p. 541, "Of course the relation of the plaintiff to the paper was fixed by the knowledge which it had of the condition under which the first or original note of the series was issued. If there was fraudulent misrepresentation which induced its issue, or if there was failure in the consideration for it, all the subsequent renewals were open to the same defense."

The judgment is affirmed.