MILES F. TROWBRIDGE AND ELLEN TROWBRIDGE v. ROBERT D. ROSS (ORIGINAL BILL), AND ROBERT D. ROSS v. MILES F. TROWBRIDGE, ELLEN TROWBRIDGE, AND THE CLINTON COUNTY SAVINGS BANK (CROSS-BILL).

*Mortgage—Payment to alleged agent.*

The only question in this case is whether the facts shown upon the hearing establish the agency of a mortgage company to receive for the mortgagee the money for the payment of the mortgage, which had been forwarded, when taken, to the agent of the mortgagee, who retained it in his possession, no express agency being shown. And it is held that the case is so similar in principle and upon the facts to *Joy v. Vance*, 104 Mich. 97, that it is quite unnecessary to set out the facts in the opinion; that the agent for the mortgagee had a right to suppose that the mortgagor would not pay the note or mortgage without receiving them; and that by keeping them in his own hands he interposed the only practical obstacle to the perpetration of a fraud by the mortgage company, which, as appears from the proofs, converted the money paid it to its own use.

Appeal from Clinton. (Daboll, J.) Argued April 18, 1895. Decided June 4, 1895.

Bill to declare a mortgage paid and to discharge the same. Defendant filed a cross-bill praying for the fore-closure of said mortgage. Defendant Ross appeals. Decrees reversed, and one entered here as prayed in the cross-bill. The facts are stated in the opinion.

*Fedewa & Walbridge,* for complainants in original bill.

*William J. Gray,* for defendant Ross.

*Perrins & Baldwin,* for defendant bank.

Long, J. The original bill was filed in this cause, praying that a certain mortgage given by complainants to Christina Ross, guardian of Robert D. Ross, be declared to be fully paid, and discharged of record, upon the ground that the moneys due thereon had been paid to the Michigan Mortgage Company, Limited, which, it is claimed, was authorized to receive such payment for and on behalf of the defendant. To this bill the defendant answered, and filed a cross-bill, in which it is claimed that the Michigan Mortgage Company was not authorized to receive such payment, and that such mortgage still remains in force, and prays for a decree of foreclosure. The cases were heard together upon pleadings and proofs taken in open court, and a decree entered in the original suit declaring such mortgage fully paid, and discharging the same of record; and on the same day a decree was entered in the cross suit, dismissing said bill, with costs to the defendants.

The mortgage was given October 14, 1883, for the sum of $1,200, with interest at $7\frac{1}{2}$ per cent. per annum, payable semi- annually, and due in five years. It was not paid at maturity, but complainant Trowbridge continued to pay interest thereon up to February 15, 1890, when there was due and unpaid the sum of $1,200 for principal and $32.50 for interest. On that day complainant Trowbridge arranged with the Clinton County Savings Bank, one of the defendants in the cross-bill, to borrow from it $1,200, to pay up the mortgage. He paid into the bank the $32.50 for interest, and gave his note for the $1,200, secured by a mortgage on the same premises, with the understanding that the bank should pay off the Ross mortgage. The bank paid the amount to the Michigan Mortgage Company, Limited, upon its agreement to send for and get a discharge of the Ross mortgage. This money was paid on February 15, 1890. The mortgage company used the money in its own business, and no discharge was ever procured. The mortgage company kept the interest on the mortgage paid up, and not until 1894,

when the mortgage company failed, did defendant Ross learn that the money had been deposited with it to pay the mortgage.

The only question in the case is whether the facts shown upon the hearing establish the agency of the mortgage company to receive for Ross the money for the payment of the mortgage. It appears that the mortgage, after its execution, was forwarded to Gen. L. S. Trowbridge, at Detroit, together with the note, and the abstract of title to the premises mortgaged. As the interest came due each six months, the coupons attached to the note were forwarded to S. S. Walker, or Walker & White, and, after its organization, to the mortgage company, for collection. The interest was collected and forwarded to Gen. Trowbridge, who made the loan for the guardian. The first mortgage taken for Ross was dated October 14, 1880, due in 1883. When it became due, the mortgage in question was taken as a renewal of the first. This remittance for interest continued up to 1894, when the mortgage company failed. During all this time the mortgage was held by Gen. Trowbridge in Detroit.

The note and mortgage were payable at the office of S. S. Walker at St. Johns. The place of payment was designated for the convenience of the parties, and the fact that the payments were to be made there would not establish the fact of the agency of Walker, Walker & White, or the mortgage company of Ross. *Ward v. Smith*, 7 Wall. 447; *Cheney v. Libby*, 134 U. S. 68; *St. Paul National Bank v. Cannon*, 46 Minn. 95; *Wood & Co. v. Trust Co.*, 41 Ill. 269; *Caldwell v. Evans*, 5 Bush, 380; *Gas Co. v. Pinkerton*, 95 Penn. St. 62. There is no evidence of any express agency, and we find none implied by the general course of dealing between Gen. Trowbridge and Walker, Walker & White, and the mortgage company. The case is so similar in principle and upon the facts to *Joy v. Vance*, 104 Mich. 97, that it is quite unnecessary to set out the facts here. Gen. Trowbridge had a right to suppose that the mortgagor would not pay the note or mortgage without receiv-

ing them; and, as was said in *Joy v. Vance, supra,* "by keeping them in his own hands he interposed the only practical obstacle to the perpetration of a fraud by the mortgage company." The officer of the bank, when depositing the money with the mortgage company, knew that no discharge of the mortgage had been made, and that it was necessary to send to Detroit or to some other point to get it, yet he left the money with the mortgage company, and it appears that the money was credited to the bank, and not to Gen. Trowbridge or to Ross. The mortgage company became the agent of the bank depositing the money, and not of Ross, under such circumstances. See cases cited above.

Counsel for the complainants here seek to distinguish the present case from *Joy v. Vance* by some showing that for some years Gen. Trowbridge had had dealings with Walker and Walker & White; that they had collected the principal and interest upon a number of mortgages owned by clients of Gen. Trowbridge, and at times when Gen. Trowbridge retained the securities. We think no such facts are shown as to establish a general agency. *Joy v. Vance, supra.*

The court below was in error in dismissing the crossbill and discharging the mortgage. Those decrees must be reversed, and a decree of foreclosure entered here in favor of the complainant in the cross-bill. The complainants' bill in the principal cause must be dismissed. The controversy between the Clinton County Savings Bank and complainants in the original bill need not be disposed of here, as the Ross mortgage is the prior lien upon the premises. The pleadings and proofs are not directed to the controversy between the complainants and the bank. Defendant Ross will recover costs of this Court and the court below in the principal cause against the complainants, and in the cross-bill against all the defendants.

MCGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.