# Real Estate Trust Company *v.* Pennsylvania Sugar Refining Company.

*Corporations—Corporate Bonds and Mortgages—Coupon Bonds Detached Coupons—Arrears of interest—Preference.*

1. A bona fide holder of coupons detached from bonds secured by a corporate mortgage, who is not a holder of the bonds themselves, is entitled to a preference in the proceeds of a foreclosure sale given to arrears of interest by a clause of the mortgage which provided that the net proceeds of a sale by the trustee under the mortgage should be applied, "first, ...... towards payment to holders of unpaid bonds ...... of all arrears of interest remaining unpaid on such bonds."

2. Each bond with the coupon attached is an obligation protected by the mortgage. Each coupon is a part of each bond bearing upon its face the number of the bond to which it belongs, and, if the owner of any bond chooses to sever it from its coupon, he thereby divides it, and the holder of the coupon becomes equitably the owner of a proportion of the bond.

Argued May 15, 1912. Appeals, Nos. 206, 207, 208, Jan. T., 1913, by Real Estate Trust Company, Thomas W. Synnott and Joseph R. Wainwright, from decrees of C. P., No. 1, Phila. Co., March T., 1907, No. 1616, overruling exceptions to auditor's report in case of Real Estate Trust Co. of Philadelphia, Trustee, Etc., v. Pennsylvania Sugar Refining Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trustee's account of distribution of proceeds of foreclosure sale under corporation mortgage. A. M. Beitler, Esq., auditor.

The opinion of the Supreme Court states the case.

*Error assigned* was decree of court.

*George H. Earle, Jr.,* and *M. Hampton Todd,* with them *Joseph de F. Junkin* and *Thomas B. Harned,* for appellant, cited: Venner v. Loan & Trust Co., 90 Fed.

Repr. 348; Baker v. Meloy, 95 Md. 1 (51 Atl. Repr. 893) ; Haven v. R. R. Co., 109 Mass. 88; Norrington v. Wright, 115 U. S. 188 (6 Sup. Ct. Repr. 12) ; South Covington & C. S. Ry. Co. v. Gest, 34 Fed. Repr. 628; Union Trust Company v. Monticello, Etc., Ry. Co., 63 N. Y. 318; Child v. Railroad Co., 129 Mass. 170; Morgan L. & T. R. R. & S. S. Co. v. Texas, Etc., Ry. Co., 137 U. S. 171 (11 Sup. Ct. Repr. 61).

*Alex. Simpson, Jr.,* with him *Wm. S. Kirkpatrick,* for appellee.—Coupons merely because detached do not lose the preferential right given to interest over principal by the terms of the mortgage: Beaver County v. Armstrong, 44 Pa. 63; P. & R. R. Co. v. Smith, 105 Pa. 198; Rhawn v. Edge Hill Furnace Co., 201 Pa. 637; Thompson v. Perrine, 106 U. S. 589 (1 Sup. Ct. Repr. 564, 568) ; Cochran v. Fox Chase Bank, 209 Pa. 34.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

This appeal is from a decree distributing the proceeds of a foreclosure sale of the property and franchises of the Pennsylvania Sugar Refining Company. The sale was made by the trustee named in a first mortgage executed by the company to secure the payment of $3,000,-000 of coupon bonds. The seventh clause of article six of the mortgage directs that the net proceeds of the sale by the trustee shall be applied by it as follows: "First, in or toward payment, to the holders of unpaid bonds, pari passu, in proportion to the amount due to them respectively, and without any preference or priority whatsoever, of all arrears of interest remaining unpaid on such bonds. Secondly, in or towards payment to the holders of unpaid bonds, pari passu, in proportion to the amount due to them respectively, and without any preference or priority either on account of any bond having been drawn for redemption or otherwise howsoever, of all principal moneys due on such bonds, whether such principal moneys shall or not be payable

according to the tenor of the said bonds; and thirdly, the trustee shall pay the surplus, if any, of such moneys to the company or its assigns." The single and very narrow question before us is, whether coupons detached from bonds secured by the mortgage, and held by one who is not the holder of the bonds from which they were detached, are entitled to the preference given to arrears of interest. If not detached, they are admittedly so preferred, as they represent arrears of interest.

Adolph Segal delivered to the Easton National Bank, the appellee, as collateral security for the payment of his obligations held by it, certain unpaid coupons, which he had detached from the first mortgage bonds of the Pennsylvania Sugar Refining Company, of which bonds he was the owner. How the bank happened to get these coupons, or whether it became a holder of them for value, is utterly immaterial, in view of two facts found by the court below, which have not been assigned as error. They are: (1) "The bank at the time it received the overdue coupons had no notice or knowledge of any invalidity of the title of Mr. Segal thereto. In fact no evidence has been presented to show that Mr. Segal had not a good title to the coupons or to the bonds from which they were detached, unless the fact that he was the promoter of the company in some way affects his title. Nor is there any evidence that the coupons or any of them were ever paid by or for the Pennsylvania Sugar Refining Company. Nor is there any evidence that said Adolph Segal or any one for him ever represented to the pledgees or owners of the bonds from which the coupons were detached that they or any of them had been paid or were to be cancelled, or would be postponed in their payment in favor of the bonds or coupons attached thereto"; and (2) "It has not been shown that the general body of bondholders or even those who acquired from Segal the bonds from which the coupons were cut have any defense to the claim on

the coupons, even if asserted by Segal." With these facts before us, especially the second, unchallenged by the appellants, the conduct of Segal towards them, and especially towards the Real Estate Trust Company, however reprehensible it may have been, is not to be considered as an element in the case. If the detached coupons held by the appellee were still in his hands, and were detached, they would be, under the two facts found by the court below, admittedly entitled to a preference as arrearages of interest, and the sole question for our determination is whether that preference was taken from them when they were pledged to the bank. In other words, is the bank deprived of the preference which Segal, its assignor or pledgor, would unquestionably have under the undisputed facts, if he were still the holder of the bonds from which the coupons were cut or detached?

If the coupons held by the appellee are to be preferred as arrears of interest, the preference claimed for them must be found in the first item of the seventh clause of article six in the mortgage, which provides that the trustee shall apply the proceeds of the sale, "first, in or toward payment, to the holders of unpaid bonds, pari passu, in proportion to the amount due to them respectively, and without any preference or priority whatsoever, of all arrears of interest remaining unpaid on such bonds." The contention of the appellants is that this provision, being free from all ambiguity, must be read exactly as it is written, and, when so read, the only coupons to be preferred are those presented by the holders of the bonds from which they were detached. The learned auditor and the court below refused to so read it, and we are unable to so construe it. Its purpose was to secure the payment of interest due on the bonds secured by the mortgage, if the proceeds of the sale of the mortgaged property should be insufficient to pay both principal and interest. What

is first to be paid? "All arrears of interest on such bonds." What are "such bonds"? They are defined in the preferential provision to be "unpaid bonds"; but the appellants contend that, conceding this to be so, under a strict construction of that provision, interest is to be paid to no one as a preference unless he is the actual holder or owner of the bond or bonds upon which the interest had accrued. There is no conceivable reason why there should be any difference between a valid coupon detached from a bond and one attached to it as the representative of interest due, and no such difference is made in the clause in the mortgage giving preference to unpaid interest. Coupons are not mentioned in it. Interest, an intangible thing, is its sole subject. Coupons, tangible things, stand for and represent interest, and, when they are paid, the interest represented by them is paid. Suppose the literal meaning of the words of the preferential provision in the mortgage should require us to hold that only the actual owners of bonds secured by the mortgage are to be preferred in the payment of interest, what are the holders of the coupons but proportionate holders of the bonds? Each bond, with the coupons attached, is an obligation protected by the mortgage. Each coupon is a part of each bond, bearing upon its face the number of the bond to which it belongs, and, if the owner of any bond chooses to sever it from its coupons, he thereby divides it, and the holder of the coupons becomes equitably the owner of a proportion of the bond: Burke v. Shore, 79 Fed. Repr. 6.

Though the appellants do not contend that the detached coupons held by the appellee are not to participate at all in the distribution here reviewed, such must be their fate if the appellants' construction of the seventh clause of article six in the mortgage is to prevail. The three items of that clause provide where the proceeds of the sale are to go, and they cannot go elsewhere. Detached coupons cannot be paid under

the second item, for it provides only for the payment of the principal of the bonds; and they are not to be paid under the third for it gives whatever surplus may remain after the payment of the principal of the bonds "to the company, or its assigns." If the detached coupons are to be paid, as they surely must be before any surplus can be handed over to the company, they must be paid under the first item of the seventh clause as arrears of interest. This was the manifestly correct view of the learned court below, and its decree is affirmed at appellants' costs.