# McDowell, Executrix, *v.* North Side Bridge Company, Appellant.

*Evidence—Admissions—Statements in other proceedings—"Admission of governing fact"—Case for jury.*

1. While an unqualified admission by a plaintiff of the existence of a governing fact not contradicted or explained after opportunity afforded, may be sufficient to warrant binding instructions, a mere expression of opinion with respect to a question of legal liability

without any statement of the facts upon which such conclusion was based cannot be regarded as an unqualified admission of the existence of a governing fact.

2. Where in an action against a bridge company on interest coupons detached from bonds the defense was that, as between defendant and plaintiff's decedent, the coupons were accommodation paper against the payment of which the latter had agreed to protect the former, and there was no direct evidence in support of the contention, but chief reliance was placed on the testimony of plaintiff's decedent in an equity proceeding brought by him against a third person who had been associated with him in financing the bridge enterprise, wherein he said that he did not consider that he had any right of action against the bridge company for these coupons and that when the then pending litigation was settled he would turn the coupons over to the bridge company, the statement was not an unqualified admission of a governing fact, such as would have warranted the court in withdrawing the case from the jury.

*Corporations—Bonds—Coupons—Detached coupons—Statute of limitations—Case for jury.*

3. Interest coupons are specialties partaking equally with the bond in the privileges and securities of the latter, whether attached or severed; when coupons are detached from the bonds to which they were formerly annexed, they do not thereby become simple contract debts, and as to the period of limitations, they are governed by the same rules as other sealed instruments.

4. An action was brought on interest coupons which had fallen due and which had been detached from the bonds more than six years before the action was brought. Defendant contended that recovery was barred by the statute of limitations and requested binding instructions in its behalf. The trial judge ruled that the statute of limitations did not apply and submitted the case to the jury, which found a verdict for plaintiff, upon which judgment was entered. *Held,* no error.

Argued Oct. 14, 1915. Appeal, No. 208, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., July T., 1913, No. 338, on verdict for plaintiff, in case of Lizzie Martin McDowell, Executrix of N. M. McDowell, Deceased, v. North Side Bridge Company. Before BROWN, C. J., MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Assumpsit on coupons detached from bonds. Before
DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $21,127.50, consisting of $7,-
500.00 the face value of the coupons, with six per cent.
interest from January 1, 1885, to April 14, 1915, and
judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of
the court to direct a verdict for defendant and to enter
judgment for defendant n. o. v.

*George E. Shaw,* of *Reed, Smith, Shaw & Beal,* for
appellant.

*James M. Clark,* and *Hugh S. Craig,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 3, 1916:

This case is a sequel to the case reported in McDowell
v. North Side Bridge Co., 247 Pa. 190. We there held,
reversing the judgment, that the facts shown upon the
trial were sufficient to overcome the presumption of
payment, which, otherwise, because of the fact that more
than twenty-one years had elapsed between the maturity
of the coupons and the bringing of the action, would
have defeated the right to recover. The present appeal
is from a judgment for the plaintiff upon a verdict after
a trial upon the merits. A motion for binding instruc-
tions for the defendant had been refused, and motion
for judgment non obstante as well. The refusal of the
latter motion is the subject of the first assignment. The
evidence differs in no material respect from that on the
former trial. With the presumption of payment over-
come, a prima facie case for the plaintiff was fully made
out, and the burden then rested upon the defendant.
The genuineness of the obligations was not questioned;
neither was payment alleged. The sole defense was that
the interest coupons for which recovery was sought

were, as between the Bridge Company and McDowell, plaintiff's decedent, accommodation paper, against the payment of which the latter had agreed to protect the former. While defendant offered no direct evidence in support of this contention, it must be admitted that there is much in the circumstances surrounding the transaction, as developed by the testimony, that lends color to this view; but that the effect was to leave no justifiable ground for any other inference than that such was the true relation between the parties with respect to the coupons, is a proposition to which we cannot agree. The chief reliance of the defendant was on the testimony of McDowell in an equity proceeding begun by him in 1886 against one Hutchinson who had been associated with him in the matter of financing the bridge enterprise which had been undertaken by McDowell, as contractor, and for which he had received certain mortgage bonds of the company to which the interest coupons here in suit were attached. It is insisted that what McDowell there said was an unqualified admission that he had no right to require payment of these coupons by the bridge company, and that binding instructions in favor of the defendant should for this reason have followed. That an unqualified admission by a plaintiff of the existence of a governing fact, not contradicted or explained after opportunity afforded, may be sufficient to warrant binding instructions, is not to be questioned. But this was not such a case. This was not an unqualified admission of the existence of a governing fact; it was simply the expression of an opinion with respect to a question of legal liability without any statement of the facts upon which such conclusion was based, and that too by a man since dead who can now have no opportunity to explain. What McDowell said was that he did not consider that he had any right of action against the bridge company for these coupons, and that when the litigation then pending between himself and Hutchinson was settled, and he was able to do it, he would turn

the coupons over to the company; and this was said in
the course of a contention with Hutchinson against
whom he was then attempting to enforce reimbursement
for the expense he had incurred in connection with these
very coupons, at a time too when the bridge company
was unable to redeem them, a fact which no one knew
better than McDowell himself. Furthermore, there is
contained in the remark a distinct assertion of his right
to the coupons even as against the bridge company until
he should be reimbursed to the extent of his interest or
ownership, whatever that was. Conceding that what he
said can be regarded as an admission, it was, neverthe-
less, to be considered and weighed precisely as other
evidence, its weight depending on its character and the
circumstances under which it was made, and the effect
of such circumstances to be determined by the jury alone.
Clearly the case upon the evidence was for the jury.

It is next complained that error was committed in
allowing recovery for interest upon the coupons, the
contention being that inasmuch as they were past due
for more than six years, and were detached from the
bonds they originally accompanied, that action thereon
was barred by the statute of limitations. The argument
in support of this view, as we understand it, admits that
interest coupons attached to the bond, though overdue,
carry interest from the date of maturity. What is urged
is, that once severed from the bond they became inde-
pendent, negotiable instruments no longer under the
protection of the bond after the lapse of the statutory
limitation. That no express authority for this view is
to be found in any of the decisions of this court is also
admitted; but it is argued, as against this, that no case
is to be found asserting a contrary doctrine. The argu-
ment fails to give proper effect to the decision in the
case of Huntingdon & Broadtop Mountain R. R. Co. v.
Waln, reported in 105 Pa. 217, under title of Philadel-
phia & Reading R. R. Co. v. Fidelity Ins. Tr. & Safe Dep.
Co. The action in the case we refer to was brought to

recover on 96 separate interest coupons which had orig-
inally been attached to bonds of the appellant company.
The defense set up in the affidavit of defense filed, was,
first, that all the coupons of which copies had been filed
had been severed from the respective bond to which
before severance they belonged; and second, that all of
the said coupons which matured prior to the 28th of
March, 1867, were barred by the statute of limitations,
as more than six years had intervened between the ma-
turity of these coupons and the commencement of the
suit for their recovery. A rule was granted at the in-
stance of the plaintiff in the suit to show cause why
judgment should not be entered for want of a sufficient
affidavit of defense. The rule was made absolute and
damages were assessed for the amount of the 96 coupons
with interest from the date of maturity. The defendant
in its appeal assigned as error the entry of said judg-
ment, the allowance of interest on the coupons, and the
overruling that portion of the affidavit of defense which
set up the statute of limitations. The judgment was
affirmed in an opinion by MERCUR, C. J. True, in the
opinion the assignment with respect to the overruling of
the defense of the statute of limitations is not discussed,
not even as much as referred to; nevertheless, the af-
firmance of the judgment which included such interest,
in the face of the assignment of error, is none the less defi-
nite and conclusive of the question than it would have
been had the question been specially discussed. The
opinion rests the case largely upon Philadelphia & Read-
ing R. R. Co. v. Smith, a case argued at the same term
and reported in the same volume on page 195, in which
the legal status of interest coupons is discussed at length
by the same writer, and to which he makes special ref-
erence. The opinion in the earlier case thus adopted,
leaves no room to doubt that coupons remaining at-
tached to the bond have no advantage over such as have
been severed; that both alike are within the protection
of the bond. In the still earlier case of Williamsport

Gas Co. v. Pinkerton, 95 Pa. 62, we have the characteristics of interest coupons thus defined:

"The corporation which issues a coupon bond is in the position of a maker of a promissory note, not of the drawer of a check or bill of exchange. There is no obligation on the holder to present and demand it within a reasonable time. The same rule applies to the coupons as to the bond. In fact he may hold on to the coupon just as long as he can hold on to the bond without requiring payment. The coupon is nothing but an acknowledgment of interest due and it is but an incident of the principal. It is attached to the bond and may be detached from it for the convenience of the holder. The possession by the corporation is evidence of its payment."

While suit on the coupon in that case was brought within six years from maturity, and the point raised in the present case was therefore not ruled in that, yet, we have here the express statement that the same rule applies to the coupons as to the bond, that they may be held just as long as the bond without requiring payment, and that they may be detached from it for the convenience of the holder, the clear inference being that though detached the coupons are still protected by the bond. In the very recent case of Real Estate Trust Co. v. Penna. Sugar Refining Co., 237 Pa. 311, the present Chief Justice, dealing with the question of preference between coupons attached and coupons severed, says (p. 315):

"There is no conceivable reason why there should be any difference between a valid coupon detached from a bond and one attached to it as the representative of interest due, and no such difference is made in the clause in the mortgage giving preference to unpaid interest. Coupons are not mentioned in it. Interest, an intangible thing, is its sole subject. Coupons, tangible things, stand for and represent interest, and, when they are paid, the interest represented by them is paid......each bond with the coupons attached, is an obligation protected by

the mortgage. Each coupon is a part of each bond, bearing upon its face the number of the bond to which it belongs, and, if the owner of any bond chooses to sever it from its coupon, he thereby divides it, and the holder of the coupons becomes equitably the owner of a proportion of the bond: Burke v. Short, 79 Fed. Repr. 6."

In view of these cases and what has been said by this court in connection with their adjudication, it is incorrect to say that the question here raised is an open one in Pennsylvania; and this being so, it is needless to argue further. It may be well enough, however, to remark in this connection, that the legal status this court has allowed interest coupons as specialties, partaking equally with the bond in the privileges and securities of the latter, whether attached or severed, is exactly the same as that accorded them in most jurisdictions. "Coupons detached from the bonds to which they were formerly annexed retain the same nature and character and do not thereby become simple contract debts, and as to the period of limitations are governed by the same statute as other sealed instruments": 25 Cyc. 1035. Out of the many authorities supporting this view, it will answer every purpose to cite only the case of City of Kenosha v. Lamson, 76 U. S. 477, where in an opinion by Mr. Justice NELSON, the very question here raised was thus disposed of; we quote from the opinion in the case (p. 484):

"The coupon is simply a mode agreed on between the parties for the convenience of the holder in collecting the interest as it becomes due. Their great convenience and use in the interest of business and commerce should commend them to the most favorable view of the court; but even without this consideration, looking at their terms and in connection with the bond, of which they are a part, and which is referred to on their face, in our judgment it would be a departure from the purpose for which they were issued, and from the intent of the parties, to hold, when they are cut off from the bond for

collection, that the nature and character of the security changes, and becomes a simple contract debt, instead of partaking of the nature of the higher security of the bond, which exists for the same indebtedness. Our conclusion is, that the cause of action is not barred by lapse of time short of twenty years."

Our own cases as we have shown, are in entire harmony with the doctrine here declared. The assignments of error are overruled and the judgment is affirmed.