EDWIN S. DICKERSON, APPELLANT, v. WILKES-BARRE
AND HAZELTON RAILROAD COMPANY, RESPONDENT.

Submitted May 28, 1926—Decided October 18, 1926.

On appeal from the Supreme Court.

This was a suit brought upon certain detached coupons formerly annexed to bonds issued by the defendant company, in which suit the defendant pleaded the statute of limitations, and on a motion to strike out the answer, the following opinion was rendered by

LLOYD, J. "These two cases were submitted together and involve the same question, viz., the legal sufficiency of the plea

of the statute of limitations.   Both plaintiffs are holders of detached coupons formerly annexed to bonds issued by the defendant.   The coupons were all due and payable more than six years before the present suits were commenced and are in form, except as to number, as follows:

"WILKES-BARRE AND HAZELTON
    RAILROAD COMPANY.

                On the 15th day of
                    May, 1915 ($25)

Will pay to bearer at the office of Guaranty Trust Company of New York, in the city of New York, N. Y., twenty-five dollars, United States gold coin of the standard existing May fifteenth, 1901.

Without deductions for taxes being six months' interest then due on its five per cent. gold bond No. 757.

($25)                    N. C. YOST,       (28)
                         *Treasurer.*"


The statute of limitations being pleaded it is contended by the defendants that the right of action accruing more than six years before suit the plaintiff is barred from recovery.

The coupon is a simple contract wherein the defendant, by its treasurer, promises to pay a certain sum of money at a certain time and place therein named.   If it stood alone and wholly disconnected from any other obligation the holder would, by virtue of the statute of limitations, be obliged to commence his action within the statutory period of six years. It is contended, however, that the provision of the statute applicable to bonds applies, and that the limitation is sixteen years because of the fact that the coupon was, when executed, attached to a bond under seal.   The relation of the coupon to a negotiable bond has been a fruitful source of consideration in the courts.   The general trend of authority has been to hold that the detached coupon, when negotiable in form, is free from the conditions and limitations contained in the bond itself.   9 *Corp. Jur.* 50.   And in this state that they form a distinct and independent contract.   *Jones Co.* v.

*Guttenberg,* 66 *N. J. L.* 659, 666; *Mack* v. *American Tel. Co.,* 79 *Id.* 109, and finally in a case arising upon a coupon of this same issue of bonds (*Fidelity Trust Co.* v. *Wilkes-Barre and Hazelton Railway Co.,* 98 *N. J. L.* 507), the Court of Errors and Appeals declared it to be a "separate and distinct indebtedness in the hands of a *bona fide* holder, and may be sued on regardless of the mortgage provision concerning the payment of the mortgage indebtedness." In that case the defendant sought the protection afforded the company by the bond itself in which it was provided that suit could only be maintained by the trustee. The defense was held to be unavailable because of the independent status of the detached coupon. In this it must be observed that the independent status of the coupon is based not upon the construction of the bond nor upon the intentions of the parties resulting from such construction, but upon the absolute divorcement of the contract. If, therefore, the detached coupon constitutes in the hands of the holder a distinct and independent contract, represents a distinct and independent indebtedness, is free from the restrictions and limitations contained in the bond to which it was attached, it would be both illogical and unjust to attach to the coupon for the benefit of the holder the protection of the seal of the bond when considering the application of the statute of limitations, while denying to the maker the advantage of its protective features. No amount of discussion can make the proposition clearer than the plain statement. The plaintiff must come under the provisions of the bond in their entirety or be free from them all. The court of last resort has placed him in the latter class; the coupon stands by itself, is a simple contract obligation of the defendant to pay, and to it the statutory limitation of six years applies.

The motion to strike out the answer must be denied in both cases.

For the appellant, *D. Trueman Stackhouse.*

For the respondent, *Katzenbach & Hunt* and *George Gildea.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Mr. Justice Lloyd in the Supreme Court on a motion to strike out the defendant's answer.

WHITE, J. (dissenting). I dissent from the view expressed in the opinion of the Supreme Court, now .adopted by this court, denying the rule to .strike out the answer which sets up a six-year simple contract statute of limitations as a bar to a suit on an interest coupon, which fell due more than six but less than sixteen years before the suit was brought, which coupon is in the usual form and is detached from a bond under seal (also owned by the plaintiff), and expressly refers to that bond as the instrument, an installment of interest upon which and for the collection of which interest the coupon, according to the express provisions of the bond, is the negotiable token and authority.

The bond promises under seal to pay the principal on a given date and to pay interest thereon half-yearly upon the surrender of the appropriate attached coupon, which coupon the bond· provides shall always be transferable by delivery.

I think the Supreme Court misconstrued the effect of the opinion of this court in *Fidelity, &c., Co.* v. *Wilkes-Barre, &c., Co.,* 98 *N. J. L.* 507, where it was declared that "detached defaulted coupons form a separate and distinct indebtedness, in the hands of the *bona fide* owner, and may be sued upon as such regardless of the mortgage provision concerning the *payment of the mortgage indebtedness,* as evidenced by the bond issue." That case referred to and followed the case of *Mack* v. *American Telephone Co.,* 79 *Id.* 109, where the mortgage securing the bond provided that in case of default in payment of interest the trustee under the mortgage, upon the request of one-third of the outstanding bondholders, should declare the principal of the mortgage to be due and proceed to collect the same, and it further provided that no bondholder should have the right to take any action in enforcement of the bonds independent of the trustee, unless he shall have first become one of the one-third outstanding

bondholders fruitlessly requesting the trustee to act. In that case the court decided, expressly relying on *Jones Co.* v. *Guttenberg,* 66 *N. J. L.* 659, that the restriction in the mortgage above quoted with reference to the collection of the principal did not apply to the collection of interest due upon matured unpaid detached coupons.

This seems to me entirely logical, but it falls far short of holding that the indebtedness for the interest evidenced by the tender of the unpaid detached matured coupon does not arise from the promise under seal to pay interest contained in the bond, but arises on the contrary from a simple contract in the nature of a promissory note comprised within the terms of the coupon. Of course, the coupon is the token or key which unlocks the door of payment of the interest, and that token or key may be passed by delivery from one owner to another, but this is so because it is expressly made so by the terms of the bond itself. It seems to me there is nothing in any of the three cases above mentioned and relied upon in the Supreme Court's opinion which conflicts with the view that the indebtedness arising upon the presentation of the matured coupon is the result of the promise under seal in the bond to pay interest upon the surrender of this coupon or token, and that, therefore, it is not the result of a simple contract which is barred by the six-year limitation of the statute, but springs from the promise under seal to pay interest contained in the bond, and may be sued upon at any time within sixteen years after the maturity of the coupon.

If it were otherwise I should have difficulty in spelling out any consideration to support the alleged simple contract of the coupon. I should also have difficulty in seeing just how under the separate complete simple contract idea a corporation which has issued coupon bonds, reserving the right to pay off the principal at a premium and accrued interest at any interest period, in which event, upon deposit of the principal, the premium, and the accrued interest with the trustee, interest on the bonds should cease and unmatured coupons should become void, can practically be exercised against a bondholder who sees fit to withhold surrender of

his bonds and coupons and to bring suit from time to time as coupons mature. The Mack case (*supra*), followed by the Fidelity Company case (*supra*) held that the indebtedness for interest was a separate indebtedness from the indebtedness for the unmatured principal, and that a mortgage provision for the exclusive collection of the latter by the trustee did not by its express terms affect the intebtedness for the interest; but the opinion of the Supreme Court in the present case, setting up as it does not only a separate and distinct indebtedness, but a separate and distinct contract entirely different in its nature, is so wide-sweeping as to be most destructive of contractual rights in its results.

The true rule on the question immediately involved in this case, that is, the one with reference to the statute of limitations, was, I think, correctly stated by Judge Haight in *Smythe* v. *New Providence*, 253 *Fed. Rep.* 824, as follows:

"It has been settled by a line of decisions of the United States Supreme Court that as respects the usual statutes of limitations, ordinary interest coupons attached to negotiable bonds are to be considered as the same grade of contract as the bonds, or in other words, that the same provision of the statute of limitations as is applicable to the bonds is applicable to the coupons, except that the statute begins to run from the date of the maturity of the coupons respectively and not from the date of the maturity of the bonds to which they have been respectively attached, and this irrespective of whether the coupons have been detached from the bonds or remain attached thereto."

In *Kenosha* v. *Lampson*, 76 *U. S.* 477, the Supreme Court of the United States said:

"There was but one contract, and that evidenced by the bond, which covenanted to pay the bearer $500 in twenty years with semi-annual interest at the rate of ten per cent. per annum. The bearer has the same security for the interest that he has for the principal.

"The coupon is simply a mode agreed on between the parties for the convenience of the holder in collecting the interest as it becomes due. Their great convenience and use in the interest of business and commerce should commend them to

the most favorable view of the court; and even without this consideration, looking at their terms, and in connection with the bond of which they are a part, and which is referred to on their face, in our judgment it would be a departure from the purpose for which they were issued, and from the intent of the parties to hold, when they are cut off from the bond for collection that the nature and character of the security changes and becomes a simple contract debt instead of partaking of the nature of the higher security of the bond which exists for the same indebtedness.

"Our conclusion is that the cause of action is not barred by lapse of time short of twenty years."

This latter decision has been followed, both in the federal courts and in substantially all of the state courts, and is approved by the text writers. *Rialto Irr. Dist.* v. *Stowell,* 246 *Fed. Rep.* 294; *Prescott* v. *Williamsport, &c., Railroad Co.,* 159 *Id.* 244; *Gertman* v. *Koshkonong,* 4 *Id.* 373; *Kershaw* v. *Handcock,* 10 *Id.* 541; *Nash* v. *ElDorado Co.,* 24 *Id.* 252; *Huey* v. *Macon Co.,* 35 *Id.* 481; *Clark* v. *Iowa City,* 20 *Wall.* 583; *Amy* v. *Dubuque,* 98 *U. S.* 470; *Lexington* v. *Butler,* 14 *Wall.* 282; *MacDowell* v. *North Side Bridge Co.,* 251 *Pa.* 585; 98 *Atl. Rep.* 97; *Kelly* v. *Forty-second Street, &c., Railway Co.,* 55 *N. Y. Supp.* 1096; 25 *Cyc.* 1035.

For the reasons above stated I think the judgment should be reversed.

Judge Gardner requests me to state that he concurs in the foregoing views.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 11.

*For reversal*—WHITE, GARDNER, JJ. 2.