MORLEY v. UNIVERSITY OF DETROIT.

1. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—PRESENTMENT AT
   MATURITY.
   Presentment by holder of negotiable bonds when due is not
   necessary to charge person primarily liable thereon (2 Comp.
   Laws 1929, § 9319).

2. SAME—PRINCIPAL AND AGENT.
   That note or bond is made payable at designated bank does not
   of itself make bank agent of holder.

3. SAME—FAILURE OF BANK TO WHICH PAYMENT IS MADE BEFORE
   MATURITY.
   Where maker of note or bond payable at designated bank de-
   posits money with bank sufficient to pay it, and bank fails
   ·after maturity and before presentment by holder, loss falls on
   maker.

4. CONTRACTS—MORTGAGES—BONDS—PROVISIONS INCORPORATED BY
   REFERENCE.
   Provisions of trust mortgage referred to in bonds may be con-
   sidered as embodied therein and binding on bondholders,
   although not expressly made part thereof.

5. BILLS AND NOTES—NEGOTIABLE INSTRUMENTS—PRINCIPAL AND
   AGENT—PAYMENT.
   Where trust mortgage and bonds issued thereunder required
   mortgagor, before maturity, to deposit sufficient money with
   trustee to pay principal and interest at maturity, and mort-
   gagor made such deposit, it was received by trustee as agent
   of bondholders, and therefore, on failure of trustee, loss falls
   on bondholders, since mortgagor had paid as it had agreed to
   · do, and may not be made to pay again.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted April 4, 1933. (Calendar No. 37,072.)
Decided May 16, 1933. Rehearing denied August 29,
1933.

Assumpsit by George W. Morley against Univer-
sity of Detroit, a Michigan corporation, on ·three

trust-mortgage bonds. Judgment for plaintiff as to one bond, for defendant as to other two. Plaintiff appeals. Affirmed.

*Don M. Harlan,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg (Edward Kelley,* of counsel), for defendant.

McDONALD, C. J. This is a suit upon three $1,000-bonds and four $25-interest coupons. The bonds are numbered M. 204, M. 210, and M. 250. They are of a series issued by the University of Detroit secured by a trust mortgage to the Fidelity Trust Company, as trustee, and payable at the trustee's office in the city of Detroit.

The defendant admits liability on the bond M. 250, but, in respect to the remaining bonds and interest coupons, claims payment and discharge by reason of having deposited sufficient money for that purpose with the trustee before the maturity date; and by reason of the failure of the plaintiff to make presentment for payment of the bonds and coupons to the trustee at maturity and before it failed and went into receivership.

A motion was made by the plaintiff for the entry of a judgment in his favor on the pleadings. On the hearing the issue was whether the deposit made by the defendant with the trustee constituted payment and discharge of the bonds and interest. The circuit judge entered judgment for the plaintiff in the sum of $1,019 on bond M. 250, but denied his right to recover on the remaining bonds and the interest coupons. The plaintiff has appealed.

The fact that at the time of maturity the maker had deposited sufficient money with the trustee to retire the bonds and pay the interest, and that pay-

ment would have been made to the plaintiff if he had not delayed presentment, does not defeat his right of recovery. The bonds are negotiable. By the terms of the negotiable instruments law, 2 Comp. Laws 1929, § 9319, presentment is not necessary to charge the person primarily liable on the instrument.

The plaintiff, as holder of the bonds and coupons, not being obliged to present them when due at the place designated for payment, decision must rest on the question of agency. Whose agent was the Fidelity Trust Company? If it was plaintiff's agent in collecting payments, there can be no recovery.

It has been held that the fact that a note or bond is made payable at a designated bank does not of itself make the bank agent of the holder. *Trowbridge* v. *Ross,* 105 Mich. 598, 600; *Bloomer* v. *Dau,* 122 Mich. 522.

In receiving the money for the payment of the note, the bank is agent of the maker. So, when the maker of a note or bond payable at a designated bank deposits money with the bank sufficient to pay it and the bank fails after maturity and before presentment by the holder, the loss falls on the maker. *Adams* v. *Hackensack Improvement Commission,* 44 N. J. Law, 638 (43 Am. Rep. 406).

These cases would be controlling of the issue here but for the fact that the bonds in question are trust-mortgage bonds payable through the agency of a trustee. In a large bond issue such as this, it would be impossible for the mortgagor to deal directly with its many bondholders. That is the business of a trustee. These bonds on their face informed the holders that they were dealing with the maker through a trustee appointed for their benefit. It is generally known by those who invest in this class

of securities that it is the duty of a trustee to receive payments from the mortgagor and distribute them among the bondholders; and that the trustee does not hold the mortgage as security for a debt owing to himself, but holds it for the bondholders. These duties may be legally implied, but in this case are shown by recitals in the bonds and by reference to certain provisions of the trust mortgage. The terms of the mortgage are not expressly made a part of these bonds, but where any of its provisions are referred to in the bonds they may be considered as though embodied therein and binding on the bondholders. From these recitals and references it appears that the bonds are of an issue aggregating $2,400,000 secured by a single trust mortgage given to the Fidelity Trust Company of Detroit, as trustee; that in payment of the principal and interest the mortgagor is required to deposit with the trustee five days before maturity sufficient money for that purpose, and, if it fails to do so, the trustee, acting for the bondholders, may accelerate all payments and enforce collection. These provisions relative to default of the mortgagor become a part of the bond by reference in a clause which reads:

"In case of certain events of default specified in the mortgage, the principal of this bond may be declared or may become due and payable prior to its regular maturity, in the manner and with the effect provided in the mortgage."

These provisions of the trust mortgage and the terms of the bonds together constitute the holder's contract with the mortgagor and the trustee and show the conditions which the plaintiff accepted when he purchased them. They show authority of the trustee to receive payments and distribute them among the bondholders. The mortgagor made its

deposit with the trustee for the payment of principal and interest, as required by the bonds and mortgage. It did all it was required to do. It paid as it had agreed with the bondholders. If it had not done so it would have been in default. Once paid, it could not reclaim the money. Its title and control passed to the Fidelity Trust Company, which thereafter held it as trustee for the bondholders awaiting maturity of the bonds and their presentment for payment. The money belonged to them. The Fidelity Trust Company was their agent and trustee to receive it and apply it in payment of their bonds and interest coupons.

The defendant has shown payment. The plaintiff cannot recover. The judgment is affirmed. The defendant will have costs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.