Mershon *v.* Millerstown Borough, Appellant, et al.

Argued April 21, 1937.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PAR-
KER, JAMES and RHODES, JJ.

*Lee C. McCandless,* of *Marshall & McCandless,* for
appellant.

*J. Campbell Brandon,* of *Brandon, Brandon & Ross,*
with him *John L. Wilson, W. B. Purvis, A. E. Reiber*
and *Murrin & Murrin* for appellee.

OPINION BY RHODES, J., July 15, 1937:

This is an action of assumpsit brought by the plain-
tiff against the Borough of Millerstown upon two
$1,000 bonds and nine interest coupons. Defendant,
by scire facias under the Act of April 10, 1929, P. L.
479, amended by the Act of June 22, 1931, P. L. 663,
and as further amended by the Act of May 18, 1933,
P. L. 807, No. 125 (12 PS §141), brought on the record,
as additional defendants, the Millerstown Deposit Bank,
a co-partnership, and its receivers, the Butler County
National Bank and Trust Company, the Butler Savings

and Trust Company, and the Union Trust Company, of Butler, Pa. At the trial the court below directed a verdict in favor of the plaintiff and against the original defendant, and also directed a verdict in favor of the additional defendants in so far as the plaintiff in this action was concerned. Original defendant filed a motion for judgment n.o.v. in its favor, and further moved that the court enter judgment in favor of plaintiff and against the additional defendants. These motions were refused, and the original defendant has appealed.

The facts are not in dispute, and are as follows: On November 19, 1928, the appellant, pursuant to the assent of its electors previously given, enacted an ordinance authorizing the issuance and sale of fifteen $1,000 bonds. The ordinance provided, inter alia:

"Section 2. That each of said bonds bear date December 1st, 1928 with interest thereon at the rate of four and one-half (4½%) per cent per annum, payable semi-annually free from state tax, which tax the Borough of Millerstown assumes and agrees to pay.

"That said bonds mature, fall due and be paid off as follows: Bonds Nos. 1 and 2 December 1st, 1929, and two (2) bonds in the order of their consecutive serial numbers December 1st each year thereafter up to and including 1933, and one (1) bond in the order of its consecutive serial number December 1st each year thereafter until all of said bonds be fully paid.

"Section 3. That an annual tax for the payment of interest, state tax and principal of said bonds is hereby levied and assessed as follows: 1929, $2735.00; 1930, $2637.00; 1931, $2539.00; 1932, $2441.00; 1933, $2343.00; 1934, $1245.00; 1935, $1196.00; 1936, $1147.-00; 1937, $1098.00; and 1938, $1049.00; that said tax be collected in each of said years and be kept separate and apart from all other taxes and be used for no purpose other than payment of principal, interest and state tax on this issue of bonds."

The bonds, to which were attached interest coupons evidencing the installments of interest due thereon, provided therein that the Borough of Millerstown "promises to pay to the bearer or, if registered to the registered holder hereof the just sum of One Thousand ($1000.00) Dollars on the [date of maturity], with interest thereon at the rate of four and one-half per centum (4½%) per annum, payable semi-annually on the first day of the months of December and June in each year on presentation and surrender of the interest coupons hereto attached as they severally become due ......

"Both principal and interest are payable in lawful money of the United States at the office of the Treasurer of the Borough of Millerstown, or the Millerstown Deposit Bank, Chicora, Penna. ......

"It is hereby further certified that an annual tax sufficient for the payment at maturity of the principal of the series of bonds of which this is a part, together with the interest and state tax thereon, in accordance with the terms and conditions hereof, has been properly levied and assessed, and that said tax is not in excess of any legal limitation."

The interest coupons attached to each bond stated that: "On the [interest date] the Borough of Millerstown, in the County of Butler, Pennsylvania, will pay on surrender of this coupon Twenty-two Dollars and Fifty Cents ($22.50), being six months interest on this Funding Bond, at the office of the Treasurer of the Borough of Millerstown or the Millerstown Deposit Bank, of Chicora, Penna. tax free.

"Witness our hands this 1st day of December, 1928.
"Attest:
"C. F. Aldinger
"Secretary of Council

   "BOROUGH OF MILLERSTOWN
   "By L. A. Eberhart
    "President of Council."

The plaintiff was the owner and holder of nine of said bonds maturing at various dates; two, which matured on December 1, 1932, are involved in this case. There are also involved nine interest coupons which matured December 1, 1932, in the amount of $22.50 each, being the interest for the six-month period ending on that date. On December 1, 1932, there was on deposit in the Millerstown Deposit Bank, in an account known as "Millerstown Borough Street Bond Account," the sum of $2,573.41. On January 12, 1933, the bank was placed in the hands of receivers, at which time the balance appearing in this account was $2,867.41. On February 3, 1933, plaintiff presented for payment the two bonds which matured on December 1, 1932, and the nine unpaid interest coupons to the treasurer of the appellant borough, Henry J. Myers, at his office in the Millerstown Deposit Bank. Myers was also president of the bank, and his duties as treasurer of the appellant borough were performed at his office at the bank. Payment having been refused, plaintiff made demand before the council of the Borough of Millerstown, some time during the spring of 1933, and payment was again refused. Thereafter plaintiff brought this action against appellant.

Taxes to meet the payments required by these bonds and coupons were levied separately from other taxes. It was the practice of the collector of taxes to bring all tax moneys that he had collected for different purposes to Myers as treasurer of the appellant borough, giving him separate checks for the amounts collected for each account. These accounts were opened by Myers as treasurer in the Millerstown Deposit Bank, and credited with the respective amounts received from the collector. As the bonds and interest coupons fell due they were paid from the "Millerstown Borough Street Bond Account," which was one of the accounts opened by the treasurer. Myers received no instructions as to what

was to be done with the tax money collected under the ordinance of November 19, 1928, except those included in the ordinance itself. He had given no bond as treasurer.

Appellant's defenses at the trial and the contentions advanced for appellant on this appeal are: (1) That appellant was ready with the funds at the time and place stated for payment of the bonds and coupons, that plaintiff as holder omitted or neglected for forty-two days to present the same for payment, that appellant was entitled to a discharge as against the plaintiff to the extent of the loss or injury sustained by appellant because of such failure to present; and (2) that the additional defendants were alone liable for the cause of action declared on by plaintiff, the bank having accepted the deposit for the benefit of the holders of the bonds and coupons.

The bonds and coupons provided for payment "at the office of the Treasurer of the Borough of Millerstown, or the Millerstown Deposit Bank, of Chicora, Penna." Both bonds and coupons were payable to bearer, the bonds not having been registered. They were the usual and ordinary type of municipal bond. In this state such municipal bonds are treated as quasi negotiable instruments having many of the attributes of true negotiable instruments. They pass by delivery; the holder may sue in his own name; the transferee for value holds title as an original obligee; he cannot ordinarily be affected by equities existing between the previous holders and the municipality; and he cannot be affected by the default of the officers issuing them, unless such default directly affects their power to make and put them on the market. *Kerr v. City of Corry*, 105 Pa. 282, 293; *Mason v. Frick*, 105 Pa. 162, 167; *Fulton National Bank of Lancaster v. City of Lancaster*, 112 Pa. Superior Ct. 565, 567, 172 A. 34. In *County of Beaver v. Armstrong*, 44 Pa. 63, at page 69, it was said: "It is clear then, upon

reason and authority, that the *coupons* which form the subject-matter of this suit, and the bonds to which they were attached, having been regularly issued by the county of Beaver, are on the footing of negotiable paper, and pass from hand to hand by delivery as the representatives of money. They may circulate together or separately, and suits on the coupons are sustained entirely independently of the bonds to which they were originally annexed. It is therefore of very little consequence whether they are promissory notes, bills, drafts, or checks, for they have the same quality of negotiability as either of those instruments, and the holder sues upon them and recovers in his own name." Such bonds and coupons have many of the qualities and incidents of commercial paper. *Lusk State Bank v. Town Council of Town of Lusk*, 48 Wyo. 547, 52 P. (2d) 413, 103 A.L.R. 1256.

Presentment on the date of maturity is not necessary in order to charge a person primarily liable on a negotiable instrument. Act of May 16, 1901, P. L. 194, ch. 1, art. 6, §70 (56 PS §171). Plaintiff was not obliged to present the bonds and coupons, when due, at the Millerstown Deposit Bank in order to fix liability for their payment in full upon the appellant. In *Williamsport Gas Co. v. Pinkerton*, 95 Pa. 62, Pinkerton held a coupon bond issued by the Williamsport Gas Company, to which was attached a coupon which read: "The Williamsport Gas Company will pay the bearer at the banking house of Kirk, MacVeagh & Co., West Chester, Pa., on the first day of December 1875, twenty dollars, being six months' interest on bond No. 18.

"$20. T. Coryell, Treasurer."

The company sent a remittance to the banking house in time to pay this coupon and others at their maturity. Prior to December 22, 1875, the banking house paid all coupons presented, and on that day it suspended business and made an assignment for the benefit of creditors.

Pinkerton did not present his coupon before the bank failed. Thereafter he demanded payment of the above recited coupon of the defendant at its office. Payment having been refused he brought suit thereon. In its opinion affirming judgment in his favor, the Supreme Court said, at page 64: "The corporation which issues a coupon bond is in the position of a maker of a promissory note, not of the drawer of a check or bill of exchange. There is no obligation on the holder to present and demand it within a reasonable time. The same rule applies to the coupons as to the bond. In fact he may hold on to the coupons just as long as he can hold on to the bond without requiring payment." See *McDowell, Exrx, v. North Side Bridge Co.,* 251 Pa. 585, 591, 97 A. 97.

In *Adams v. Hackensack Improvement Commission,* 44 N. J. Law, 638, 43 Am. Rep. 406, the Hackensack Improvement Commission, having been duly authorized to construct sewers and to provide for the expense thereof by the issuance of bonds, issued its bonds and made them payable at the Bank of Bergen County. The plaintiff had three of these bonds. The commission, prior to the maturity of the bonds, deposited with the said bank a sum of money sufficient to pay the plaintiff's bonds, as well as all the bonds maturing at the same time. The money was deposited to the credit of the Hackensack Improvement Commission on "Sewer Bond Account," and the officers of the bank were authorized to pay the bonds on presentation. The plaintiff had no knowledge of this arrangement, or other information as to the method of payment, except that the place of payment was mentioned in the bonds. After this deposit to pay the bonds was made the bank failed. The plaintiff's bonds had not been left with the bank for collection, nor were they presented for payment until after the failure of the bank. In an action brought

by the plaintiff against the commission to recover on the bonds, the New Jersey Court of Errors and Appeals in an opinion, concurred in by all 15 of the Justices, held that the action could be maintained against the commission, and that the bank was not the agent of the plaintiff for the purpose of receiving payment of the money due to her upon her bonds, and that the loss arising from the failure of the bank was the loss of the commission.[1]

It is well established by the weight of authority that plaintiff was not obliged to present his bonds and coupons when due at the place designated for payment. Although the treasurer of appellant had deposited sufficient money with the Millerstown Deposit Bank to redeem plaintiff's bonds and pay the interest coupons, and although payment would have been made to him if he had not delayed presentment, his right of recovery against appellant is not thereby defeated. The bonds and coupons were negotiable, and presentment was not necessary to charge the appellant which was primarily liable. See *Morley v. University of Detroit*, 263 Mich. 126, 248 N. W. 570, 90 A.L.R. 464; *Dewees v. Middle States Coal & Iron Co.*, 248 Pa. 202, 93 A. 958.

The deposit in the instant case was made on instructions of the treasurer of the appellant borough. It was not made pursuant to any agreement between the parties requiring the deposit, sufficient for the purpose, to be made with the bank before maturity of the bonds and coupons, as in *Morley v. University of Detroit*, supra. It is of no moment that the treasurer was also president of the Millerstown Deposit Bank, or that he had his office as treasurer in the same place that he had his office as president of the bank. The treasurership of the appellant borough and the presidency of the bank were

---

[1] As summarized in *In re Interborough Consol. Corp.*, 288 F. 334, 346.

separate and distinct, and so were their functions. It does not appear that plaintiff had any knowledge as to how the deposit was created. It is also to be borne in mind that there was no agreement by the bank to pay plaintiff or other bondholders, nor was there anything indicating a promise to so pay. Plaintiff had not left his bonds and coupons at the designated bank for collection. The fact that the bonds and coupons were payable at that bank did not of itself make it the agent of the holder. *Bloomer v. Dau,* 122 Mich. 522, 81 N.W. 331; *Morley v. University of Detroit,* supra. The bank was in no respect the agent of plaintiff. Plaintiff could present his bonds and coupons for payment either at the bank or to the treasurer of the appellant borough. He presented them to the treasurer, who refused payment. Appellant still remained liable, although there was no presentment to the bank. Although sufficient funds had been deposited to pay plaintiff's bonds and coupons, and although the bank failed after maturity and before presentment by the plaintiff, still the loss must fall on the appellant. Plaintiff, in the presentation of the bonds and coupons to the treasurer, merely did what appellant had agreed in those instruments might be done. Appellant is liable therefore upon the bonds and coupons presented to its treasurer for payment and not paid.

Appellant brought in the Millerstown Deposit Bank and its receivers as additional defendants, and then sought to have judgment entered in favor of the plaintiff and against the additional defendants for such an amount as appellant may have lost by the alleged negligence of the plaintiff on the theory that the account in the bank was a trust fund which the plaintiff might enforce. The court below properly overruled this contention, and refused to enter judgment for plaintiff against the additional defendants. There was nothing in the evidence or in the record to warrant any other

action by the court below. In the instant case it is manifest that plaintiff had no right of action against the additional defendants. His right of action was only against appellant. "The Act of 1931 [as amended by the Act of 1933] does not warrant a cutting across lots and entering judgment in favor of a plaintiff against a defendant, as to whom the plaintiff had no right of action at all. ...... The rule is different where the plaintiff has a right of action against the additional defendant": *Boosel v. Agricultural Insurance Co. et al.*, 118 Pa. Superior Ct. 400, at page 403, 180 A. 21, at page 22.

Assignments of error are overruled.

Judgment is affirmed.