Argued April 21, 1937.
This action arose out of the same facts as those in *Page 260 Mershon v. Millerstown Borough et al., 128 Pa. Super. 248,193 A. 328. A petition in equity was presented by the Borough of Millerstown, to the use of E.B. Mershon, for rule on Butler County National Bank and Trust Company, the Butler Savings and Trust Company, and the Union Trust Company, of Butler, Pa., receivers of the Millerstown Deposit Bank, to show cause why the prayer of the petition should not be granted. The prayer was that the deposit in the Millerstown Deposit Bank in the account known as "Millerstown Borough Street Bond Account" be declared a trust fund for a special purpose, and that the claim of E.B. Mershon as holder of matured bonds, of which the petitioner was maker, and as cestui que trust, be paid as a preference and before the general depositors or creditors of said bank. Respondents filed an answer. It was stipulated that the testimony taken in the case of Mershon v. Millerstown Borough et al., supra, be made a part of the record in the instant case. Upon the facts established by the petition and answer, and the testimony thus made a part of the record, the court below made twelve findings of fact and two conclusions of law, which were to the effect that the Millerstown Deposit Bank did not hold said deposit as a trust fund, but that the relationship between the bank and the petitioner was that of debtor and creditor. Accordingly the petition was dismissed. Petitioner filed exceptions to the sixth, seventh, eighth, ninth, and twelfth findings of fact, the conclusions of law, and the order of the court. The exceptions were dismissed, and the petitioner has appealed.
The findings of fact to which exceptions were taken are as follows:
"VI. Henry J. Myers, for the four year term prior to the first Monday of January, 1933, was the duly appointed and acting Treasurer of the Borough of Millerstown, but did not file a bond with surety conditioned for the prompt accounting for and paying over all moneys of the Borough which came into his hands as Treasurer. *Page 261 
There is no evidence that the Council ever fixed the amount of his bond or that the Burgess ever demanded that he file a bond.
"VII. The Burgess and Council did not designate the Millerstown Deposit Bank depository of the funds in suit, or of any other funds of the Borough, coming into the hands of the Treasurer.
"VIII. The Burgess and Council of the Borough did not open or cause to be opened on the books of the Bank this account or any account with the Borough.
"IX. Henry J. Myers, Treasurer of the Borough, received the taxes levied and collected for the payment of this issue of Funding Bonds, from the Tax Collector of the Borough, and placed the money so received into and with the moneys of the bank of which he was President and active Manager, and caused to be carried on the books of the bank by the clerks of the bank this account headed STREET BOND ACCOUNT, which account showed balances in favor of the Treasurer or the Borough, to-wit: December 1, 1932 $2573.41, and January 9, 1933 $2867.41.
"XII. The appraisal filed by the Receivers shows that the entire amount of cash in the Bank on the day it closed January 12, 1933 to be $6982.87, less checks cleared January 11, 1933, by the Mellon National Bank $5166.87, or $1816.00."
The findings of fact by a chancellor, when approved by the court, are conclusive if the evidence supports them. Goodman v.Goodman et al., 122 Pa. Super. 8, 11, 184 A. 306.
As stated in Austin-Nichols Co., Inc., v. Union Trust Co. etal., 289 Pa. 341, at page 348, 137 A. 461, at page 463: "Whether a fund is to be treated as held in trust for a special purpose, or considered merely as a deposit, creating the relation of debtor and creditor, depends on the circumstances of each particular case."
It is clear that the record in the instant case supports *Page 262 
the findings of the court below sitting in equity, except as to the twelfth finding. We find no evidence to substantiate that finding in the portion of the record before us. However, it is not material to the issue decided in this appeal, nor are the conclusions of law by the court below in any degree predicated on the finding. The arrangement for the deposit was made by Myers, as treasurer, who placed the taxes levied and received for the payment of bonds and interest coupons in the account designated "Millerstown Borough Street Bond Account." For this procedure the borough ordinance was his only guide. The matured bonds and coupons from time to time were paid from this account, and it may be properly assumed that it was set up for that purpose. But the bank made no promise to, and had no contract or agreement with, appellant or the holders of such bonds and coupons. They merely provided for presentation at the bank or to the treasurer of the appellant borough. There is no evidence that control of the funds in the account was relinquished by the appellant. As a matter of fact, commissions to the tax collector were paid from this account, and also the street construction costs.
The act of deposit by the treasurer of the appellant did not constitute the bank a trustee or impress the moneys with a trust inuring to the benefit of the appellant or Mershon as a bondholder. The bank had title to this fund on deposit to the same extent as to any other deposit. It went into the general funds of the bank, and became a part of its assets. It was not held in a fiduciary capacity any more than the funds on deposit in the four other accounts set up by the treasurer and in which borough taxes received by him from the collector were credited. The deposit in question was a bank account made to be drawn against, and the evidence shows that it represented various transactions.
We agree with the conclusions of law as made by the *Page 263 
court below: "The Millerstown Deposit Bank did not hold the taxes levied by Ordinance No. 66 of the Borough of Millerstown, collected by the Borough Tax Collector, and by him paid over to the Borough Treasurer, and by him placed among the general monies and funds of the Bank, in trust for the Borough of Millerstown or the holders of bonds authorized to be issued and sold under the provisions of the said Ordinance No. 66.
"2. The account on the books of the Bank established the relation of debtor and creditor between the Millerstown Deposit Bank and the Borough of Millerstown."
The facts in the instant case are readily distinguishable from those in the cases cited by the appellant. Peak v. Ellicott,30 Kan. 156, 1 P. 499, 46 Am. Rep. 90, is not analogous, and its distinguishing characteristics are set forth in Reicheldifer'sAppeal, 115 Pa. Super. 454, 461, 176 A. 52, and need not be repeated here. Rogers Locomotive Machine Works v. Kelley etal., 88 N.Y. 234, In re Interborough Consol. Corp., 288 F. 334,People v. City Bank of Rochester, 96 N.Y. 32, McKee v. Lamon,Adm'r., et al., 159 U.S. 317, 40 L. Ed. 165, Guidise v. IslandRefining Corp., 291 F. 922, Sinclair Cuba Oil Co., S.A., v.Manati Sugar Co. et al., 2 F. Supp. 240, are all distinguishable on their facts, and none supports appellant's contention. There is nothing in the case at bar to show that the funds were no longer subject to the control of the appellant. True, they were placed in a separate account by the treasurer of appellant, but there was no agreement whereby the appellant relinquished control or the bank agreed to accept the funds in trust for a particular purpose and no other.
Appellant apparently relies strongly on Reicheldifer's Appeal,
supra, but it is not controlling. In that case the trust company was the agent of the assignor of a mortgage for the sole purpose of transferring the mortgage, collecting the consideration and paying it to *Page 264 
the assignor. She was at no time a depositor of the trust company. It was her property, and the trust company as her agent was obliged to deliver it to her instead of depositing it in its institution. The trust company never had title to the fund in question, and it was not a part of its assets.
In the instant case the deposit was made by the treasurer of the appellant borough, who was the legal custodian of the borough taxes. As treasurer he was a depositor of the bank, having set up five accounts in which the borough taxes were credited. The bank did not hold the fund without authority or consent. Its deposit merely created between the bank and the appellant the relation of debtor and creditor. The bank had title to the deposit, and it was a part of its assets.
Those cases which deal with the tracing of trust funds have no application, as in the instant case the deposit was not in the first instance impressed with a trust.
Assignments of error are overruled.
The order of the court below is affirmed; appellant to pay the costs.