## The Bank of Delaware County *versus* Broomhall.

*Liability of Bank for Mistake or Negligence of Officers.*

A bank is responsible for mistaking the date of a note, received for collection, whereby it was presented for payment before the proper time, and the endorser discharged.

ERROR to the Common Pleas of *Delaware county.*

This was an action on the case, brought August 9th 1858, by John Broomhall against the Bank of Delaware County, to recover damages for an alleged negligence in protesting before maturity a note which had been left with the bank for collection. The case was this: Broomhall, being the endorser and holder of a promissory note drawn by Henry E. Peirce to the order of John L. Pennell, for $225, at sixty days, deposited it, on or about the 1st of January 1858, in the bank for collection.

At the time of its execution the date, which was December 11th 1857, had been altered with consent of the parties to December 15th 1857, in which condition it went into the bank, but it did not appear that the officers were informed of this. The date as altered was imperfect and obscure, and was, after a careful examination, read by the bank officers "December 5th 1857," marked as maturing February 6th 1858, on which day it was, in due form of law, protested for non-payment, of which the parties had notice.

The defendant below requested the court to charge the jury as follows:—

1. The bank acted in the matter as the agent of the plaintiff, and, receiving no compensation for its services, is only responsible for gross negligence.

[Bank of Delaware County *v.* Broomhall.]

2. If the jury believe that the face of the note was such that an ordinary observer might be misled as to the time of maturity, the defendant is not liable for a mistake of the time.

3. If the plaintiff was guilty of negligence, and if that negligence contributed to the mistake of the defendant, the latter is not liable.

4. The date of the note having been altered, it was the duty of the plaintiff to notify the defendant of the true date.

5. If the jury believe that the plaintiff received notice of the protest at or about the time, then as the true maturity was ten days after, it was the duty of the plaintiff to inform the defendant of the error, and his not doing so was such negligence on the part of the plaintiff as wholly relieves the defendant from liability.

6. The notary, as well as the bank, was the agent of the plaintiff. If a mistake was made, it was his; and he, and not the bank, is liable.

The court below, after stating the facts briefly, charged in substance that "it was in evidence that the note had been altered from December 11th to December 15th at the time of its execution, with the knowledge and consent of Mr. Pennell;" that "there was negligence in the bank, in not ascertaining from the plaintiff the true date of the maturity of the note before handing it over to the notary for protest;" that "the bank was a general agent in the collection of notes, and, whether with or without reward, was bound to use due diligence in such cases," defining that to be "reasonable and proper care, skill, and judgment, such as other persons of experience and skill exercising the same profession would have exercised under similar circumstances." The second, fourth, fifth, and sixth points of defendant were negatived. There was a verdict and judgment in favour of the plaintiff for $280.05; whereupon the defendant sued out this writ, and assigned for error here—

1. The court below erred in deciding the true date of the note. This should have been left to the jury upon the testimony and upon inspection.

2. The court erred in instructing the jury that the bank was guilty of negligence in not "ascertaining the true date from the plaintiff before handing the note to the notary."

3. The court erred in not affirming the defendant's second, fourth, fifth, and sixth points.

4. The court erred in not instructing the jury that the plaintiff had not made out his case.

——, for plaintiff in error.

*Charles D. Manly,* for defendant.

[Bank of Delaware County *v.* Broomhall.]

The opinion of the court was delivered, January 28th 1861, by

LOWRIE, C. J.—Certainly, when the bank accepted this note for collection, it became its duty to use reasonable care and skill in attending to it: yet herein it is chargeable with a remarkable blunder in treating the date 15th December as if it were 5th. There can be no doubt that the 15th is there, for anybody can see it who looks, and the court could commit no error in saying that much. But the first figure was not so strongly marked as the other, and therefore the bank's officers *interpreted it out* rather than overlooked it, and thus made a mistake and had the note presented for payment ten days too soon, and not at the proper time, and thus discharged the endorser. This was clear carelessness; for, if there was any doubt about the date, the bank ought to have refused the collection of it, or to have got the holder to state what was the true date, or to have presented it on both days. To guess a meaning contrary to the expression, is not careful. These views answer the first, second, and third assignments of error. The other is entitled to no special answer, because it contains nothing in itself, and because by reference it contains four points, instead of one. But it is answered in what we have said.

Judgment affirmed.