## Williamsport Gas Company *versus* Pinkerton.

1. The corporation which issues a coupon bond is in the position of the maker of a promissory note, not of the drawer of a check or bill of exchange. There is no obligation on the holder to present and demand it within a reasonable time.

2. P. held a coupon bond of the defendant. Suit was brought on a coupon which stated on its face that it was payable at a certain banking house on December 1st 1875. Funds were sent to the bank to pay the interest and all coupons presented were paid, until December 22d 1875, when the bank failed. P. afterwards demanded payment of the corporation and was refused, when he brought the suit against it: *Held*, he could recover.

· June 2d 1880. · Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J, absent.

Error to the Court of Common Pleas of *Lycoming county:* Of May Term 1880, No. 145.

Case stated, wherein John J. Pinkerton, was plaintiff, and the Williamsport Gas Company, defendant. ·

The case as stated, was, in substance, as follows :

In 1868 the Williamsport Gas Company issued bonds to the amount of $30,000, payable to bearer on the 1st of June 1878, at the banking house of Kirk, MacVeagh & Co., West Chester, Pa. To each bond were attached coupons for the payment of the semi-annual interest at the rate of eight per cent. per annum, payable to bearer at said banking house, on the first days of December and June in each year respectively. On the 1st of May 1871, the firm of Kirk, MacVeagh & Co., was dissolved, and a new bank incorporated by the Act of March 15th 1871, as the Bank of Brandywine. From the time of its organization, the Bank of Brandywine occupied the same premises previously occupied by the banking house of Kirk, MacVeagh & Co., and in many instances accounts were carried from their books to those of the Bank of Brandywine. The interest-coupons on the bonds of the Williamsport Gas Company, as they matured, were regularly presented to, and paid by, the banking house of Kirk, MacVeagh & Co., and the Bank of Brandywine, until December 1st 1875, the Williamsport Gas Company providing funds for their payment by deposit. The account was opened in the books of Kirk, MacVeagh & Co., November 30th 1868, in the name of "Interest Williamsport Gas Loan," and transferred to the books of the Bank of Brandywine on May 1st 1871, where it was opened and continued in the name of "Williamsport Interest." The account was credited with "draft," and charged with the coupons by number when presented and paid.

On the 29th of November 1875, the Williamsport Gas Company remitted to the Bank of Brandywine a sight draft on New York for $1140, to pay the semi-annual interest coupons due December 1st 1875. The account of "Williamsport Interest," on the books

[Williamsport Gas Co. *v.* Pinkerton.]

of said bank, was credited with $1140 on November 30th 1875. The Bank of Brandywine paid all coupons presented prior to December 22d 1875, and on that day suspended, and made an assignment for the benefit of her creditors.    The sum of $524.40 remained, after the suspension, to the credit of the account of " Williamsport Interest."    Since the assignment of the Bank of Brandywine for the benefit of creditors, the coupons of the Williamsport Gas Company maturing subsequent to December 1st 1875, have been paid through the National Bank of Chester county, at West Chester, Pa.

The plaintiff residing at West Chester, Pa., was the owner of one of said bonds, and had regularly presented the coupons maturing thereon since May 1st 1871, and prior to December 1st 1875, to the said Bank of Brandywine, by whom they were paid. He now seeks to recover from the Williamsport Gas Company the amount of the coupon maturing December 1st 1875 (of which he was then, and still is, the owner), said coupon not having been presented at the Bank of Brandywine for payment prior to the suspension of said bank, on December 22d 1875.    The said coupon is in the words and figures following, to wit:

" The Williamsport Gas Company will pay the bearer at the banking house of Kirk, MacVeagh & Co., West Chester, Pa., on the first day of December 1875, twenty dollars, being six months' interest on bond No. 18.

" $20.                         " T. CORYELL, Treasurer."

After the assignment by the Bank of Brandywine for the benefit of creditors, the plaintiff demanded payment of the above-recited coupon of the defendant, at the office of defendant, in the city of Williamsport, Pa., and payment having been refused, he brought suit thereon, March 3d 1877, before one of the aldermen of said city, and obtained judgment on the 9th of March 1877, for the sum of $23.12, the amount of said coupon with interest from December 1st 1875.    From this judgment the defendant appealed.    The question for the court was, whether, under these circumstances, the plaintiff was entitled to recover, and if so, whether to recover interest also, and from what date.    The court entered judgment for $23.23, which was the amount of the coupon with interest from March 3d 1877 ; when the defendant took this writ, and assigned this action of the court for error.

*Bentley & Parker*, for plaintiff in error.—Coupons payable at a particular time and place are like notes payable at a specified bank: Philadelphia & Baltimore Central Railroad Co. *v.* Johnson, 4 P. F. Smith 130.    From its terms a coupon is a draft upon a particular fund, and in so far it is simply a check, but it is payable at a fixed future date, hence it is analogous to a check in form, pay-

[Williamsport Gas Co. v. Pinkerton.]

able *in futuro*, which has been construed to be a note. The analogy between an interest coupon, then, and a check, note or bill being so close; in other words, since the coupon has all the incidents of commercial securities, the same degree of vigilance is imposed upon its holder as is imposed upon the holder of a note or check. It is well settled here and in England that if the maker or drawer provide the funds at the time and place designated to pay his check, note or bill, he is discharged if, through unreasonable delay in presenting the same by the holder, loss occurs by the failure of the bank: Edwards on Bills 396; Conroy v. Warren, 2 Am. Dec. 159; 2 Phila. Rep. 111. The bank was not the agent of the company.

*H. C. Parsons* and *Charles K. Geddes*, for defendant in error.—Coupons differ materially from commercial paper. They are secured by mortgage; are under seal. In an action to recover upon other forms of commercial paper, either assumpsit or debt may be brought; in an action upon these bonds, debt alone can be sustained. An action upon other commercial paper is barred by delay after six years; while upon the bonds it is not barred until twenty years after maturity. The coupons differ from other commercial paper in precisely the same respects in which the bonds themselves differ, because they are incidental to and form part of the bonds: City v. Lamson, 9 Wallace 477; City v. Butler, 14 Id. 282.

The judgment of the Supreme Court was entered June 14th 1880,

PER CURIAM.—The corporation which issues a coupon bond is in the position of a maker of a promissory note, not of the drawer of a check or bill of exchange. There is no obligation on the holder to present and demand it within a reasonable time. The same rule applies to the coupons as to the bond. In fact he may hold on to the coupons just as long as he can hold on to the bond without requiring payment. The coupon is nothing but an acknowledgment of interest due, and it is but an incident of the principal. It is attached to the bond and may be detached from it for the convenience of the holder. The possession by the corporation is evidence of its payment. The banking house at which it was made payable were the agents of the corporation, and the holder could not lose in any event by their insolvency.

Judgment affirmed.