# Renwick Bros. & Co., Appellants, *v.* Robert Richardson.

*Appeals—Jurisdiction, Superior Court.*

The enlarged powers conferred upon the Supreme Court by the Act of May 20, 1891, P. L. 101, are to be construed and exercised as were those conferred by the Act of April 4, 1877, P. L. 53: Kelber v. Plow Co., 146 Pa. 485.

*Judgment—Opening of—Extent to which an appellate court will review.*

An application to open a judgment, entered on warrant of attorney or on a judgment note, is addressed to the equitable powers of the court below, and upon an appeal to the Supreme Court, under the Act of April 4, 1877, P. L. 53, the question is, whether the court below rightly exercised its discretion upon the evidence.

*Judgment—Opening of—Parol evidence to reform a writing.*

A judgment is properly opened where the motion is sustained by a written agreement which is challenged by plaintiff as not containing the entire agreement made at the time. Even if the plaintiff can at the trial produce evidence competent to move the conscience of a chancellor to reform the written agreement there would still be the question for the jury as to whose version of the parol agreement is the true one.

Argued May 7, 1897. Appeal, No. 181, April T., 1897, by plaintiffs, from order of C. P. No. 1, Allegheny Co., Dec. T., 1896, No. 216, making absolute rule to open judgment. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Rule to open judgment.

It appeared from the depositions taken in support of the rule that Emma Pretshold, prior to the year 1889, being in the millinery business purchased goods from plaintiffs. In the year 1889 she married Robert Richardson, and together they continued to carry on the same line of business at the same place. On May 1, 1895, they were indebted to the plaintiffs in the sum of $1,359.43. Richardson and his wife, desiring to purchase certain shoes induced the plaintiffs to become surety in the sum

of $500 as part payment of the shoes. As an inducement to do so they signed a paper in the following words:

" This note is given as security against our assuming responsibility of payment of notes given to G. F. Miller by R. Richardson, amounting to $500. At expiration of ten months from date and when notes are paid this judgment is to be returned."

The $500 for which plaintiffs became security was subsequently paid by defendant. A demand was made for the return of the judgment note which plaintiffs refused to return and entered up the same, whereupon a rule was taken to open the judgment.

The court made absolute the rule to open the judgment. Plaintiffs appealed.

*Error assigned* among others was (1) making absolute the rule to show cause why the judgment entered should not be opened and defendant let into a defense.

*R. A. Balph*, with him *Jos. Balph*, for appellants.—The judge sits as a chancellor, and where there is simply oath against oath a decree cannot be made in favor of the defendant: Bank's Appeal, 124 Pa. 337. Under the act of 1877 applications to open judgments are addressed to the equitable power of the court. An appellate court will review the evidence as in an appeal in equity: Kneedler's Appeal, 92 Pa. 428.

*John N. Dunn*, with him *James M. Garrison*, for appellee.

OPINION BY BEAVER, J., July 23, 1897:

The enlarged powers conferred upon the Supreme Court by the Act of May 20, 1891, P. L. 101, are to be construed and exercised as were those conferred by the Act of April 4, 1877, P. L. 53: Kelber v. Plow Co., 146 Pa. 485. As to the extent to which an appellate court will review the action of the court below in a case such as here presented, see Jenkintown National Bank's Appeal, 124 Pa. 337. On the face of the written evidence and the admitted facts of this case, the plaintiffs were clearly not entitled to maintain their judgment. At the time of the execution by the defendant of the judgment note upon which the judgment was entered, the plaintiffs gave a written

memorandum according to the terms of which the judgment note was to be returned at the expiration of ten months from its date, when notes amounting to $500, given by the defendant to one G. F. Miller, for the payment of which the plaintiffs had assumed responsibility, were paid. The plaintiffs admit the signing of this memorandum and admit also the payment of the notes given by Richardson to Miller for which they were responsible within the time mentioned in the memorandum, but claim that the writing did not contain the entire agreement made by the parties at the time. The contemporaneous parol agreement which they claim was made is at variance with the terms of the written memorandum. The testimony of the plaintiff taken at its best, can scarcely be said to meet and satisfy the requirements of the rule, under which a chancellor can reform a written instrument. The defendant admits that there was more in his agreement with the plaintiffs than is contained in the written memorandum given by them at the time of the execution of the judgment note, but his version of that agreement is entirely different from theirs. If, upon the trial of the case before a jury, the plaintiffs are able to show by more than a single witness and by testimony clear, precise and indubitable that there was a contemporaneous parol agreement varying the terms of the written memorandum which would be such as ought to move the conscience of a chancellor to reform the written instrument, there will still be the question for the jury as to whose version of that parol agreement is the true one. From every point of view, therefore, the court below was undoubtedly justified in making absolute the rule to show cause why the judgment entered by the plaintiff against the defendant should not be opened and the defendant let into a defense. This is the only alleged error and the decree is therefore affirmed.