# Moldawer, Appellant, *v.* Trust Company of North America.

*Banks and banking—Collection of promissory note—Negligence of notary—Failure to give notice—Damages—Nominal damages—Practice, on appeal.*

1. Where a person who for a long period has been a depositor in a bank deposits a promissory note for collection in the same city in which · the bank does business, and the bank places the note in the hands of a

competent notary public to protest it, and the notary loses the note and does not protest it, the bank, while not liable for failure to protest the note will be liable to its depositor if it neglects for an unreasonable time to give him notice of the loss of the note; but if the depositor in a suit against the bank does not offer any evidence as to the solvency or insolvency of the maker of the note, or any evidence of pecuniary loss, the bank will be entitled to have answered in the affirmative a point to the effect that the plaintiff is entitled to nominal damages only. If the court refuses the point and the jury returns a verdict for the plaintiff, and the court thereafter enters judgment for defendant n. o. v., the appellate court will reverse the judgment and remit the record to the court below with direction to enter such judgment as law and right require; the court below will then enter judgment for plaintiff for nominal damages.

2. Where a bank fails to notify a depositor promptly of the negligent act of its notary in losing a promissory note deposited for collection, the measure of damages is not the face value of the note, but the actual damages; and if the depositor in an action against the bank fails affirmatively to prove actual damages he will be entitled to nominal damages only.

Argued Oct. 22, 1914. Appeal, No. 154, Oct. T., 1914, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1909, No. 3,931, for plaintiff for nominal damages in case of Michael Moldawer v. Trust Company of North America. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover for the value of a promissory note.

The facts appear by the report of Moldawer v. Trust Co. of North America, 57 Pa. Superior Ct. 66, and by the opinion of the Superior Court, infra.

*Error assigned* was in entering judgment for plaintiff for $1.00.

*W. Horace Hepburn*, for appellant.—The presumption is, where commercial paper is not presented by the bank for collection, that the same is collectible, and that if the debt is lost through the agent's negli-

gence, the measure of damages is prima facie the amount of the bill or note: Citizens' Nat. Bank of Lawrenceburg, 19 Indiana App. 69.

It is contended by the plaintiff that the court has no power to cut the verdict down: Hughes v. Miller, 192 Pa. 365; Hardoncourt v. North Penn. Iron Co., 225 Pa. 379; Sloan v. Phila. & Reading Ry., 235 Pa. 155; McGeehan v. Hughes, 217 Pa. 121; Husvar v. D., Lack. & West. Ry. Co., 237 Pa. 295.

*C. L. McKeehan*, of *Roberts, Montgomery & McKeehan*, with him *E. M. Biddle* and *J. S. Clark*, for appellee.

OPINION BY HEAD, J., February 24, 1915:

All of the facts material to the determination of the question now presented were fully stated in the opinion of President Judge RICE on a former appeal, to wit, Moldawer v. Trust Company of N. America, 57 Pa. Superior Ct. 66. After a verdict for plaintiff for the full amount of his claim the learned trial judge had favorably entertained a motion for judgment for the defendant non obstante veredicto. From that judgment the plaintiff appealed. We there determined that although the plaintiff had failed to establish that the loss of his note was due to any negligent act on the part of the bank—thus far agreeing with the court below—there still remained a reason why a general judgment for the defendant could not be entered. It had been made to appear by the uncontradicted evidence that although the bank itself had been promptly advised by the notary he had lost the note, it failed in giving timely notice of that fact to its depositor, the plaintiff. The effect of this was thus stated: "There being a breach of contract, which was calculated to produce loss, there flowed from it a legal injury cognizable in an action of assumpsit; and though the plaintiff's evidence fell short of proving the actual loss sustained, he was nevertheless entitled to recover nominal damages (cases cited). This right stood in the

way of the affirmance of the defendant's point that the verdict must be in its favor, and, consequently, in the way of judgment in its favor non obstante veredicto." We therefore reversed the judgment and following, as we understood it, the practice approved by the Supreme Court, remitted the record to the court below with direction "to enter such judgment as law and right require."

In the former appeal we did not undertake to determine whether or not, in the state of the evidence presented by the record, the plaintiff was entitled to recover more than nominal damages because that question was not properly before us. When the case went back to the court below the record stood as if no judgment whatever had been entered. There was then pending and undisposed of in that court a motion, made by the defendant, to have all of the evidence taken upon the trial duly certified and filed, so as to become part of the record, and thereupon to enter judgment in favor of the plaintiff for nominal damages. This motion was then granted by the learned court below and judgment was entered in favor of the plaintiff for one dollar. From that judgment he now appeals.

His only cause of action, as the case now stands, was the failure of the defendant bank, during a period of about ten days, to give him notice that his note had been lost by the notary and that every effort to recover it had failed. The breach itself of this obligation entitled the plaintiff, as we have seen, to nominal damages. He could not recover more unless he showed that the breach of duty had resulted in actual loss to him. In his statement of claim he averred he expected to prove at the trial that the note was in fact good and collectible. He made no attempt whatever to establish that averment by any proof of any kind. His able counsel relied in the court below and relies here on the proposition that the law raises a presumption of fact that the lost note was in truth worth its face value and that, prima facie,

he was entitled, in the absence of countervailing evidence, to a verdict for that sum. We shall not attempt to reproduce the lucid but somewhat lengthy argument of Prof. Wigmore to prove there is no such thing as a presumption of fact. But we know of no principle, founded on reason or the weight of authority, that would relieve this plaintiff from the general obligation cast by the law on every suitor who seeks to recover a verdict. The general principle undoubtedly is the plaintiff must affirmatively establish every material averment of fact on which his right to recover rests. The defendant here took issue with the plaintiff on the averment in his statement we have quoted. Notwithstanding this challenge, there was no proof forthcoming. It does not accord with the common knowledge and experience of men that every promissory note which floats in the channels of commerce is worth its face value. Why should the law declare that a plaintiff might start with an inference of that all-important fact in his favor? To do so would be to discard another principle of very general application, to wit, that the law usually casts the burden of proving certain facts upon that party who has special and exclusive knowledge concerning them. This is not only reasonable in itself but tends to relieve the record of a trial of the dead weight that almost necessarily accompanies an attempt by a party to prove a negative. The plaintiff knew the makers of the note and the indorser from whom he took it. It was comparatively easy for him to prove that the maker was not good financially, but that the indorser, who was relieved by the notary's negligence, was responsible. If the maker was solvent, the loss of the note was not the loss of the debt. If the indorser never was solvent, and the plaintiff took the note on the credit of the maker, again the loss of the note worked no substantial injury. Both makers and indorser were strangers to the defendant bank, and it is not easy to perceive any reason why the law should cast upon it the

burden of showing the financial condition of either of them at the peril of being compelled to pay the face value of the note.

In Pennsylvania it appears this question is yet one of first impression. If we were denied the aid of the light that is available from the cases of many of the states of the union, we would still be content to rest our judgment on the reasoning from admittedly correct principles which we have indicated. But an examination of the decisions of the courts of last resort in a number of jurisdictions shows that, whilst they are not entirely in harmony, the great weight of authority is in favor of the conclusion we have reached. We may be saved the necessity of prolonging this opinion by an attempt to review in detail all of these cases by the statement that many of them are collected and analyzed in a note to the case of Jefferson County Savings Bank v. Hendrix in the Supreme Court of the state of Alabama, reported in 1 L. R. A. (N. S.) 246. The ruling of the court in that case is fairly indicated by the following paragraph from the syllabus: "Credit to the depositor of a check received for collection, followed by negligence in making the collection, so that the rights on the paper are lost, does not make the bank liable for the face of the paper but only for the amount lost through the neglect." That court in several cases has consistently held to the same conclusion. It would seem to be the concurrence of opinion that the reason for such conclusion rests on the law of agency. The bank was the agent of the plaintiff to do certain things. It failed in one respect to comply with its duty. If no loss resulted to the principal, on what theory may he claim to recover from his agent a sum representing something entirely different from the actual loss incurred? So in Merchants & Mfg. Bank v. Stafford Nat. Bank, 44 Conn. 564, the court said: "The damages are not necessarily commensurate with the amount of the draft which has been remitted for collection. A person acting on commission, who by his

misconduct has brought loss upon his principal, is responsible to the precise extent of the loss produced by that misconduct." When we state that the language just quoted was the language of Chief Justice Marshall in Hamilton et al. v. Cunningham, 2 Brock. 350, Fed. Cases, 5978, there is strong warrant for the assumption that the reasoning behind the proposition is sound.

We are of opinion, therefore, the learned trial judge, at the conclusion of the trial, should have affirmed the third point submitted by the defendant and given the jury a binding direction to find for the plaintiff in nominal damages only. The power of a trial judge to give such a direction, in a proper case, cannot successfully be questioned. Resulting, as it necessarily would, from the application of purely legal principles and recognized rules of evidence to the admitted or established facts, such direction would involve no intrusion by the court into that domain wherein the jury has supreme and exclusive sway. This being true, it ought to follow, if we are to give to the act of 1905 its proper scope and effect, the court was right in entering the judgment now complained of. As we have stated, there was a point presented requesting a binding direction that the jury should find for the plaintiff in nominal damages only. This point was declined and this would seem to bring the case within the very letter of the statute which, in such a case, authorizes the court to certify the whole of the evidence as part of the record and then to enter such judgment as should have been entered upon that evidence. This we think is precisely what the learned court below has now done. It appears to us to be in harmony with the exposition of the act made by Mr. Chief Justice MITCHELL in Dalmas v. Kemble, 215 Pa. 410: "He (the trial judge) is 'to enter such judgment as should have been entered upon that evidence,' or in other words to treat the motion for judgment as if it was a motion for binding directions at the trial, and to enter judgment as if such direction had

been given and a verdict rendered in accordance." We have already stated that, as we view the case, the learned trial judge should have directed the jury to find a verdict for the plaintiff for nominal damages. Had he done so and the jury had returned such verdict, the judgment he has now entered would be exactly that which he would then have entered on the verdict so rendered. The authority to do this is to be found in the language of the statute quoted and the opinion of the Supreme Court to which we have referred. The assignments of error are overruled.

Judgment affirmed.