PAWLOWSKI *v.* HIRSCHFELD.

1. EVIDENCE — WRITING AMOUNTING TO CONTRACT MAY NOT BE VARIED BY ORAL AGREEMENT.

   A writing acknowledging the receipt of money for transmission to a bank in Russia, signed by the remitter's agent, is a contract rather than a mere receipt, and therefore may not be varied or contradicted by contemporaneous oral agreements.

2. BANKS AND BANKING — MONEY PAID FOR TRANSMISSION TO FOREIGN COUNTRY—EVIDENCE—SUFFICIENCY.

   In an action for money paid to defendants for transmis-

[1]Evidence, 22 C. J. §§ 1522, 1663; [2]Banks and Banking, 7 C. J. § 233 (Anno); Judgments, 33 C. J. § 114.

sion to a bank in Russia, which was never accounted for by the Russian correspondent, where the record fails to disclose any proof of defendants' failure to pay as contracted, but rather seems to show that the fact of transmission was not questioned, judgment *non obstante veredicto* was properly entered for defendants.

Error to Wayne; Moynihan (Joseph A.), J. Submitted January 20, 1927. (Docket No. 139.) Decided April 1, 1927.

Assumpsit in justice's court by Michael Pawlowski against Joseph Hirschfeld and another, individually and as copartners as Hirschfeld Brothers, for money paid to defendants to be deposited for plaintiff in a foreign bank. There was judgment for plaintiff, and defendants appealed to the circuit court. Judgment for defendants *non obstante veredicto*. Plaintiff brings error. Affirmed.

*Walter M. Nelson,* for appellant.

*Arthur J. Hass,* for appellees.

SNOW, J. The plaintiff, in July, 1917, applied to the defendants, who conducted a steamship and foreign exchange agency in Detroit, to transmit $500 for him to Russia. He paid them the money, and the following writing was executed:

> "Detroit, Michigan,
> July 20, 1917.
> "Received from Michael Pawlowski the sum of $500, equivalent to 2,000 rubles, for payment to Russian Imperial Savings and Industrial Bank, through European Post Office, Petrograd, Russia.
> "HIRSCHFELD BROTHERS,
> "Remitter's Agent."

> "This remittance accepted by P. L. H. Subject to any delays and risks owing to and consequences resulting from war."

He claims that defendants orally agreed with him to remit the money to the bank in Petrograd, and return him its deposit book within two months, or return him the money. Owing to conditions in Russia, the money was never accounted for by the Russian correspondent, and upon defendants' failure to repay, plaintiff commenced suit in justice's court to recover the money advanced. He had verdict. Defendants appealed to the circuit court where he again had verdict. But on motion of defendants, judgment of no cause of action *non obstante veredicto* was entered. Plaintiff brings error, and contends, quoting from his counsel's brief, as follows:

"(1) That an oral agreement was entered into as a part of which a receipt was given and a bank book was to have been received in a limited time by plaintiff or the money repaid by defendants.

"(2) That if the oral testimony is excluded and the plaintiff is confined to the written statement of the receipt, the question of fact then is whether the defendants have made payment to the named Russian bank in accordance with the express terms of the receipt."

As to the first contention: We have heretofore held that writings of the character of the one quoted in the instant case evidence the transaction between the parties and are contracts which may not be varied or contradicted by contemporaneous oral agreements. We again apply the rule. The writing here is something more than a mere receipt which may be modified or explained. In view of our former holdings, further discussion of the proposition here would be unprofitable. *Karnov* v. *Goldman,* 229 Mich. 551, controls.

As to the second contention: Our attention is not called to any testimony which would raise an issue of fact upon the question of defendants' failure to make payment to the Russian bank, as provided in the contract.

Indeed, upon the trial the following colloquy occurred:

*"The Court:* Do I understand it is conceded that the defendants in this case carried out their part of the bargain in so far as the money being transmitted to the correspondent in Russia?

"*Mr. Hass:* That is shown by the deposition. Otherwise I have no information.

"*Mr. Nelson:* That probably is the fact. I claim it is not modified. I claim Exhibit 1 is not a contract but is a receipt and is not modified by the testimony."

The deposition referred to by Mr. Hass was not introduced and does not appear in the record, but from the above it would seem plaintiff was not contesting the question of the transmission of the money by defendants. The record discloses nowhere competent proof of defendants' failure to pay as contracted. In our opinion the trial judge properly disposed of the case.

Judgment affirmed, with costs to defendants.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, and MCDONALD, JJ., concurred. CLARK, J., did not sit.