MARTIN R. HOFFMAN, PLAINTIFF-RESPONDENT, v. AR-
NOLD LASSEFF, DEFENDANT-APPELLANT, AND JAMES
ROSSO, DEFENDANT.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Pomerehne, Laible & Kautz.*

For the respondent, *Burlew & Currie.*

The opinion of the court was delivered by

DONGES, J. The appellant was the owner of a Packard car, which was being driven by one Rosso, when it collided with the car of respondent at Maple avenue and Monmouth street, in Red Bank. Respondent had a verdict at Monmouth Circuit against appellant, Lasseff.

Appellant argues that the trial court erred in not granting his motion for a directed verdict in his favor, because the proofs showed that the car was being operated by Rosso without appellant's knowledge or consent, that it was being operated by Rosso in and about his own affairs, and that Rosso was not the agent or servant of appellant.

The ownership of the car was admitted. The testimony on behalf of appellant, who did not testify at the trial, was from Rosso and several other witnesses, that Rosso sought one Steinman and requested the loan of a car; that Steinman told him to take Steinman's Cadillac car; that Rosso being unable to start the Cadillac car and seeing a Packard car in the garage, took it; that Rosso did not know Lasseff; that

he had no permission from Lasseff or any other person to use that car; and that Rosso was engaged in affairs of his own during the entire time that he was driving appellant's car.

There was no testimony to rebut this evidence. On cross-examination, respondent endeavored to show by Rosso and Steinman that Steinman, Lasseff and another were associated in the liquor business, and that some cars were kept for use in that business. Each suggestion was embraced in a question on cross-examination and each such suggestion was flatly denied, as was the effort, on cross-examination, to have Rosso admit that he was using the Packard car in some such enterprise.

It may be that the witnesses for defendant were untruthful in their answers, but the testimony as it stands, without contradiction either in the testimony itself or from other witnesses, leaves no room for the drawing of conflicting inferences. Certainly, there is no testimony from which the inference is deducible that Rosso was engaged in any business or affairs of Lasseff at the time of the collision with respondent's car.

The uncontradicted evidence rebutted the presumption of agency arising from the admitted ownership, and the court should have directed a verdict for the appellant, Lasseff. *Tischler* v. *Steinholtz,* 99 *N. J. L.* 149; *Okin* v. *Essex Sales Co.,* 103 *Id.* 217; *affirmed,* 104 *Id.* 181; *Patterson* v. *Surpless,* 107 *Id.* 305.

The judgment under review is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ.  13.