ABE J. DUNN AND ABRAHAM FRIEDMAN, PARTNERS, TRADING AS DUNN & FRIEDMAN, PLAINTIFFS-RE-SPONDENTS, v. SAMUEL GOLDMAN, DEFENDANT-AP-PELLANT; ALBERT GOLDMAN, DEFENDANT.

Argued May 3, 1933—Decided September 27, 1933.

Before Justices PARKER and PERSKIE.

For the plaintiffs-respondents, *Charles C. Colgan.*

For the defendant-appellant, *Wallace P. Berkowitz.*

The opinion of the court was delivered by

PERSKIE, J.  This appeal brings up for review a judgment of the First District Court of Jersey City in favor of the plaintiffs-respondents, called hereinafter the plaintiffs, and against the defendant-appellant, called hereinafter the defendant, in the sum of $289.64.

The facts are as follows:  A. Goldman & Company of Jersey City, made application to Dunn & Friedman, merchants, of New York City, for a line of credit.  This was refused unless the account would be guaranteed.  The son, Al. Gold-

man, suggested the name of his father, S. Goldman, who resided at 50 Jackson avenue, Jersey City, New Jersey. Whereupon, on June 29th, 1931, plaintiffs mailed to the defendant at his home address aforesaid a form of guarantee for all merchandise that might be shipped to A. Goldman &. Company to the amount of $500. Plaintiffs subsequently received this guarantee through the mail and later the son, Al. Goldman, while at their place of business in New York City, witnessed the guarantee and stated that the signature of "S. Goldman" was that of his father. On suit against the guarantor, S. Goldman testified that the signature was not his; that he did not authorize his son to sign it nor did he ratify it. Apart from the mailing and the return by mail of the paper-writing, the guarantee, the evidence is plenary that the purported signature of the guarantor was not in fact the genuine signature of "S. Goldman."

Motions for nonsuit and for a directed verdict were made for the defendant but were denied.

The plaintiff in support of their judgment rely on the case of *Leunis Co.* v. *Singer,* 102 *N. J. L.* 68, decided by Mr. Justice Black, the syllabus of which is stated as follows:

"A letter received in due course of mail apparently in response to a letter sent by the receiver, is presumed in absence of any showing to the contrary, to be the letter of the person or corporation whose name is signed to it. It is admissible in evidence, without proof of the defendant's handwriting, being an exception to the rule requiring proof of handwriting."

The application of the principle of law enunciated in the case of *Leunis Co.* v. *Singer, supra,* to the instant case depends upon the probative force or value of a legal presumption arising under the law. More succinctly stated, is a presumption arising under the law evidence—or is it merely a rule concerning evidence? The authorities are not in accord.

In the case of *Alpine Forwarding Co.* v. *Pennsylvania Railroad Co.,* 60 *Fed. Rep.* (2d) 734; *C. C. A.* (2d) 1932, the bailor of a barge raised the presumption of his bailee's fault by showing that the barge was returned in a damaged con-

dition. The defendant's attempt to prove due care consisted in vague and inconclusive testimony. The Circuit Court of Appeals of the Second Circuit, considering this an inadequate satisfaction of the defendant's burden, held that it was error not to have directed a verdict for the plaintiff; but since the jury has rendered the same verdict the error was not prejudicial. In the opinion, Judge Learned Hand took the view that the valuation of the evidence necessary to meet a presumption is entirely in the hands of the trial judge. Hence, if it be insufficient there must be a directed verdict for the plaintiff; if sufficient, the presumption is destroyed and the defendant has succeeded in getting back to the jury; if positive and uncontradicted, a directed verdict for the defendant is warranted. This view is in harmony with the Rhode Island decision of *McIver* v. *Schwartz,* 50 *R. I.* 68; 145 *Atl. Rep.* 101, which holds that a presumption is not evidence, and in the face of testimony to the contrary, cannot go to the jury. The court said:

"Had the defendant's testimony been entirely reasonable and consistent he would have been entitled to a direction of a verdict in his favor."

But because the testimony was not believed by the trial court the appellate court held that it was proper for the case to be submitted to the jury.

In the case of *Normandin* v. *Parenteau,* 150 *Atl. Rep.* 460, a Rhode Island case, it was also said that a presumption is not evidence, but a mere legal excuse for not offering evidence, and if rebutted at all, it ceased to be a factor in the case.

In *Smith* v. *Tompkins,* a Rhode Island case, 161 *Atl. Rep.* 221, it was held:

"A presumption is not evidence and it has no weight as such. It only makes a *prima facie* case for the party in whose favor it exists. It merely points out the party who has the duty of going forward. *Colangelo* v. *Colangelo,* 46 *R. I.* 138; 125 *Atl. Rep.* 285; *Minutilla* v. *Providence Ice Cream Co.,* 50 *R. I.* 43; 144 *Atl. Rep.* 884; 63 *A. L. A.* 334; 22 *C. J.* 156."

That a presumption is not evidence but merely a rule about evidence, is also held in the following cases: *Commonwealth* v. *DeFrancesco (Mass.)*, 142 *N. E. Rep.* 749; *Rhodes* v. *Pennsylvania Railroad Co.*, 298 *Pa.* 101; 147 *Atl. Rep.* 854; *Jacobs* v. *Mohnton Trust Co.*, 299 *Pa.* 527; 149 *Atl. Rep.* 887.

In the case of *New London Water Commissioner* v. *Robbins*, 82 *Conn.* 623 (at *p.* 640), the court says: "Presumptions * * * have no probative force."

In an excellent note in 42 *A. L. R.* 872, it is said:

"The complexities and subtleties of the subject which are so graphically portrayed in the dissenting opinion (*McDowell* v. *Norfolk Street Railway Co.*, 186 *N. C.* 571) undoubtedly creates some difficulty for the courts but there seems to be no necessity for the jury becoming involved in them."

There are decisions to the contrary. Interesting review of this subject is found in the Harvard Law Review (May, 1933), vol. XLVI—No. 7, page 1141.

In our state the cases all hold that if the evidence adduced, is positive and uncontradicted, the presumption is destroyed and a directed verdict for the defendant is warranted.

In the case of *Hoffman* v. *Lasseff*, 110 *N. J. L.* 122; 164 *Atl. Rep.* 293, an accident case, the appellant was the owner of a car being driven by one Rosso when it collided with the car of the respondent. Verdict was rendered in favor of the respondent. The testimony showed that Rosso did not know Lasseff; that he had no permission from Lasseff to drive the car. Rosso was engaged in affairs of his own at the time he was driving the car. Opinion of the court, by Mr. Justice Donges, was as follows:

"It may be that the witnesses for the defendant were untruthful in their answers; but the testimony as it stands without contradiction either in the testimony itself or from other witnesses, leaves no room for the drawing of conflicting inferences. * * * The uncontradicted evidence rebutted the presumption of agency arising from the admitted ownership, and the court should have directed a verdict for the appellant."

It is a well settled rule of law in our state that in a personal injury action, the presumption that the driver of an automobile was acting with the owner's consent may be overcome by uncontradicted proof to the contrary; and if so overcome, then a motion for a directed verdict for the defendant owner will be granted. *Mahan* v. *Walker,* 97 *N. J. L.* 304; *Tischler* v. *Sleinholtz,* 99 *Id.* 149; *Okin* v. *Essex Sales Co.,* 103 *Id.* 217; *Cox* v. *Scott,* 104 *Id.* 371; *Patterson* v. *Surpless,* 107 *Id.* 305; *Harris* v. *Kline,* 8 *N. J. Mis. R.* 575; *LeStrange* v. *Krivit,* 10 *Id.* 146; *Ianuzzi* v. *Public Service Co.,* 10 *Id.* 1215.

The aforesaid rule of law extends beyond personal injury actions, and has been applied to actions on a bailment. In the case of *Armstrong Rubber Co.* v. *Erie Railroad Co.,* 103 *N. J. L.* 579, the Supreme Court held:

"* * * the proof of bailment and failure to return the goods makes a *prima facie* case for the jury, but the bailee may overcome this presumption of negligence by showing that the loss occurred through some cause consistent with due care on his part, and when the proofs of exoneration are full, clear and uncontradicted, a legal and not a fact question is presented which requires a direction of a verdict in favor of the bailee."

We take the view that the law relative to presumptions, as adjudicated in negligence cases, cases of bailment, is likewise applicable to cases on alleged breach of contract.

It will be noted that the case of *Leunis Co.* v. *Singer, supra,* discloses a somewhat different set of facts than those presented in the instant case. In the *Leunis Co.* v. *Singer, supra,* case, the terms call for a letter received by mail in reply to a letter mailed by the receiving party. Here we have a guarantee mailed by plaintiffs which comes back with a signature thereon. It is doubtful whether the presumption relied on by the respondent extends so far in the present case and we think that it is stretching the rule beyond the breaking point to say that any presumption of a genuine signature arose, especially where the presumption created is fully overcome by the fact that the purported signature was

not in fact the genuine signature of the purported guarantor, S. Goldman.

It is the established law of this state that in order to hold a person on a written instrument or contract, it must be established by the plaintiff that the defendant signed or had some one sign for him the instrument or contract sued upon.

In the case of *Tubman* v. *Haehner*, 2 *N. J. Mis. R.* 203, the plaintiff brought suit to recover on a written contract. He offered a written paper, the alleged contract. The defendant was called and she testified that the signature was not hers and was placed there without her authority or consent, and that she wrote no contract with the plaintiff. A motion for nonsuit she made upon the ground that no contract was proved. Motion was denied. Exception taken. At the end of defendant's case defendant made a motion for a directed verdict, which was denied. Exception was taken to this. The court held:

"The proper proof of a written agreement was essential to the right of plaintiff to have a recovery. The only contract he alleged in his state of demand was a written contract and so far as the proofs are before us this is the only contract he undertook to establish * * *. Upon either or both grounds the judgment below must be and is reversed."

In the case of *Van Syckle* v. *Egg Harbor Coal Co.,* 109 *N. J. L.* 604, the plaintiff purchased notes from one, Joseph Ginsburg, before maturity, which were not paid and the amounts were due and owing. The defendant's liability upon the notes appears to have been perfectly clear if same were properly endorsed. The case is, however, barren of any proof of the genuineness of the signature of the paper. The court, in an opinion by Mr. Justice Bodine, held:

"At common law, one who sues upon a written contract is obliged in the absence of admission to prove the signature of the defendant before the instrument can be received in evidence. * * * The holder of a note payable to order cannot recover on his possession alone, but must prove the genuineness of the endorsement by the payee where the issue is raised."

In the case of *Robertson* v. *Burstein,* 105 *N. J. L.* 375, there were two papers purporting to be assignments by two insurance companies to the plaintiff of their respective claims against the defendant for unpaid premiums. These were not authenticated by any testimony at the trial; they were objected to because the signatures had not been proved. The trial court said "they are under seal" and allowed them in evidence.

The authenticity of these papers was vital to plaintiff's case. If they were not authentic, the two companies and not the plaintiff were the parties entitled to recovery, and if, under such circumstances, he were permitted to rest his case on them without proper proof that they were genuine, the defendant might well be faced with the same claims again on the part of the companies themselves. The court, in an opinion by Mr. Justice Parker, held:

"The general rule of common law is that to render an instrument in writing competent evidence it is necessary that some proof should be given from which the jury can legally infer that it was executed by the party."

In 4 *Wigm. Ev.* 545, ¶ 2130, bottom of the page, the author says:

"Thus it is that in the traditions of the common law a wise emphasis has been placed upon the necessity of supplying the logical element of authenticity for writings. The general principle has been enforced that a writing purporting to be of a certain authorship cannot go to the jury as possibly genuine, merely on the strength of this purport; *there must be some evidence of the genuineness (or execution) of it.*"

In 28 *C. J.* 1024, ¶ 194, the authors say:

"The burden of proof and presumptions in an action on a contract of guaranty are ordinarily governed by the general rules which apply in other actions on contracts such as by the rule of good faith and fair dealings will be presumed until the contrary is shown. The burden is on plaintiff to prove clearly all the material elements of his cause of action against the guarantor, &c. * * * But plaintiff need not prove his signature to the original contract, where he shows

that he accepted and acted under it, *and proves the signatures of the other party and of the guarantor."*

And at page 1032, paragraph 203, the authors say:

"In an action against a. guarantor upon his contract of guaranty, as in other civil actions, it is the province of the court to decide questions of law, and where the evidence on an issue of fact is legally insufficient to sustain a finding as to such fact, or is undisputed and of such a character that only one inference can reasonably be drawn therefrom, the question becomes one for the determination of the court as a matter of law and should not be submitted to the jury, and in such a case the court should dispose of the question without the intervention of a jury as by dismissal or nonsuit, by sustaining a demurrer to the evidence or by directing a verdict."

In 13 *C. J.* 758, ¶ 937, the authors say:

"Where the fact of execution of a written contract is properly placed in issue the burden of proof is on the party who asserts it."

Since the evidence was plenary that the purported signature of S. Goldman was in fact not his signature  *  *  * the presumption which arose in the first instance was completely overcome. Upon either or both motions made the judgment below must be reversed.

Judgment will be reversed, with costs.