## Cardillo, Appellant, *v.* Torquato et al.

Argued April 14, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Ernest O. Kooser,* with him *James O. Courtney,* for appellant.

*Clarence L. Shaver,* with him *Daryle R. Heckman, Bruce A. Sciotto* and *Shaver & Heckman,* for appellees.

Opinion by Arnold, J., September 30, 1947:

The principal question here is whether the defendants, private bankers, were agents of the plaintiff, or contracted to perform an independent undertaking under a receipt of the defendants. Defendants' place of business was in the borough of Windber, Pennsylvania. The plaintiff desired to establish a credit in the Postal Savings Bank of Italy, and for that purpose gave American money to the defendants, who signed a receipt:[1] "Received from Mr. Mauro Catena Cardillo, Italian Lire twenty-six thousand for deposit with the Postal Savings Bank of Rome, for account of Mauro Catena Cardillo. . . ." For this service defendants received a commission of one per cent.

Defendants promptly issued their draft upon the National Bank of Veterans of Rome, payable to the Postal Savings Bank of Rome in the amount of money called for. At the same time they deposited the money in question with the New York branch bank of the National Bank of Veterans of Rome. When the Postal Savings Bank of Rome presented the draft to the National Bank of Veterans, payment was refused because of its insolvency.

Defendants desired to make proof of claim on the insolvent National Bank of Veterans of Rome, and in the following November offered a duplicate receipt to the plaintiff in exchange for the original. This was refused and a note demanded, and defendants gave the plaintiff a judgment note under seal, payable in five months, in the sum of $2,288.16. Contemporaneously the plaintiff executed a written paper: "I . . . declare that I received *as proof of deposit* made on June 27, 1923, [with the defendants] . . . judgment note due in five

---

[1] Actually there were two receipts, one to the present plaintiff and one to his wife. Except for these names the receipts were identical, and, as later appears in this opinion, the situation became as though one receipt were given to the plaintiff.

months. *Said note has only the object of protection* and when the Postal Savings Bank of Rome . . . have issued to me the pass books [showing the money deposited in that bank to Cardillo's account] I will return the note . . ." (Emphasis supplied.)

On May 8, 1924, at plaintiff's request defendants gave a "renewal" judgment note under seal, payable in three months, but no new agreement was made. Plaintiff declined the amount of a dividend which defendants received from the liquidation of the National Bank of Veterans, and the defendants refused to pay anything except such dividends.

Plaintiff entered judgment on the latter note in March, 1937, and on defendants' petition the court opened the judgment and framed an appropriate issue, which was tried before the court without a jury under the Act of 1874. The court took testimony and made detailed findings of fact, none of which was excepted to. The plaintiff by his two assignments of error raises only the question initially stated herein, and a subordinate one that the note being under seal, defendants could not plead want of consideration.

The note being under seal the defense of want of consideration was not admissible: *Conrad's Estate,* 333 Pa. 561, 3 A. 2d 697; *Peoples Pittsburgh Trust Company v. Barth,* 161 Pa. Superior Ct. 72, 53 A. 2d 845. But this rule does not exclude the actual defense presented, which was not want of consideration, but that the note could not be used for a different purpose or in a different way than that stated in the contemporaneous writing. This defense was admissible whether the note was under seal or not: *Keller v. Cohen,* 217 Pa. 522, 66 A. 862. See also *National Bank of Kennett Square v. Shaw,* 218 Pa. 612, 67 A. 875. The renewal note stood in no better position than the original note: *Whipple v. Lewis,* 74 Pa. Superior Ct. 48. See also *Renwick Bros. & Co. v. Robert Richardson,* 5 Pa. Superior Ct. 202.

The contemporaneous written agreement recited that the note was given "as proof of deposit" made by the plaintiff with Torquato Bros. and by them to be sent to the Postal Savings Bank of Rome. It was given as a substitute for the original receipt, which the defendants wanted in order to make proof of claim against the insolvent bank; which original the plaintiff would not exchange except for the note. Its purpose was neither to admit liability nor to promise payment. It provided that the note was "to be held" by the plaintiff until he got pass books from the Postal Savings Bank of Rome showing the deposit in his name; and in this event it was to be returned to the defendants. Plaintiff was to retain the note in lieu of the original receipt which he gave up, just as he would have retained the original receipt had he not parted with it. If the plaintiff did not receive the pass books his right to recover from the defendants depended upon the terms of the original transaction and not the note, although probably the defendants waived the statute of limitations because the note was a specialty.

The court held that the defendants were merely the agents of the plaintiff and refused to find them negligent, and to this latter no exception was taken. Appellant's position is that under the mere terms of the receipt, the defendants contracted to perform an independent contract.

Where a customer leaves with a bank commercial paper to be collected, and nothing more appears from the words or conduct of the parties than that the paper was left "for collection," the law takes it that the bank is an agent "for transmission" of the paper for collection, and it is not held liable except for lack of due care in forwarding the paper or in the selection of a suitable agent for collection. This rule started with *The Mechanics' Bank of the City and County of Philadelphia v. Earp,* 4 Rawle 383, and has been consistently followed: *Farmers National Bank of Beaver Falls v. Nelson,* 255

Pa. 455, 100 A. 136; *Jacobs v. Mohnton Trust Co.*, 299 Pa. 527, 149 A. 887. Sections 5 and 6 of the Bank Collection Act of 1931, 7 PS 216 and 217 (not applicable here) were but declaratory of existing law in Pennsylvania. Thus Pennsylvania followed what is known as the Massachusetts rule, the contrary being the New York Rule.[2]

We find no appellate court authority in Pennsylvania that a receipt for money "for deposit" with a foreign bank for the account of the first bank's customer, is an independent undertaking or an agency, although it was inferentially held to be an agency in *Weissman v. M. L. Blitzstein & Co.* (Municipal Court of Philadelphia), 3 D. & C. 5, and *Matko v. Citizens National Bank of Connellsville* (Common Pleas of Fayette County), 9 D. & C. 494.

The remission of funds by one bank to another is actually the reverse of the collection of funds by one bank from another. Since, in the case of commercial paper to be collected, the law declares that in the absence of other stipulation, "for collection" means "transmission for collection"—a fortiori where American money is left "for deposit" (in a foreign bank), these words must be declared to mean "transmission for deposit", for while the bank may transmit the actual, physical collection item, it cannot transmit the actual money to a foreign country. It must resort to the drawing of a draft to the order of the foreign bank, and this is undoubtedly contemplated by the parties.

One of the leading cases on receiving money for deposit in a foreign bank is *Pawlowski v. Hirschfield* (Mich.), 213 N.W. 118, which reaches the same conclusion, to wit, that the original bank receiving monies "for deposit" in another bank is not liable for the negligence or default of its agent to whom it is necessary to transmit

---

[2] 9 C. J. S., Banks and Banking, §228, b, citing cases; 7 Am. Jur., 281, §394; 43 A.L.R. 512, 69 A.L.R. 667.

the fund, if it used reasonable care and diligence in the selection of such agent. See exhaustive annotations in 27 A.L.R. 1488; 45 A.L.R. 1052; 69 A.L.R. 673. See also Michie on Banks and Banking, Vol. 6, page 245, §10.

The able opinion of Judge BOOSE for the court below fully sustains the positions taken.

Judgment affirmed.